M‘Kean,
 
 Chief
 
 Justice
 

 :—The only question before the Court is, whether the Jury had a power, under the circumstances of this case, to give any damages beyond the penalty of the bond : The
 
 quantum
 
 (which might be a subject of dispute on a motion for a new trial is not at all involved in the point submitted our decision.
 

 Of the power of the Jury we do not entertain a doubt.—Though positive law, and judicial precedents, should be totally silent on the subject, the principles of morality, equity, and good conscience, would furnish an adequate rule to influence and direct our judgment. By that rule we must discover, that the defendant, having contracted to make a conveyance, or to pay a specific sum, within a limited time, was guilty of an immoral act in omitting to perform either of the alternatives ; and, of course, he ought not to be allowed to be a gainer by the violation of his engagement. It is true, that we cannot compel him specifically to comply with the terms of the contract, as a Court of Chancery might do ; but we can enforce the payment of a compensation for the breach ; and as the breach was made in the contract, at the end of six months; when either the lands should have been conveyed, or the penalty should have been paid, the interest (which is a reasonable and moderate measure of damages) ought in justice to run from that period. The verdict, for the whole amount is, therefore, in our opinion, moral and equitable ; nor is there, I will venture to aver, any authority to impeach it, upon the strictest principles of law.
 

 Shippen, Justice:
 

 —If the Jury had undertaken to give more than
 
 £5000
 
 for the injury sustained, by the infraction of the original contract, their verdict would have been affected by the cases that have been cited. But the cases go no further; and certainly do not deny the right of the Jury to make an allowance of interest, for the detention of the money, after the time limited for its payment. Indeed, the strongest possible inference to the contrary is to be drawn from the cases cited for the defendant; for, Lord
 
 Mansfield,
 
 having asked what else the Jury could give than the penalty, expressly adds “ unless they had also given interest after the three months,” stipulated in the contract. 4
 
 Burr.
 
 2228. In short the £5000, paid with interest at this day, is not, in fact or law, more than the
 
 £5000
 
 paid, without interest, at the day it became due.
 

 ■ Smith,
 
 JuJlice :
 

 —The plaintiff is clearly entitled to the inte-reil, on every principle of law, morality, and equity. It would have been fufficient to me, therefore, if the verdidl ha’d been
 
 *256
 
 unfupported by any precedent: But, I am the more ftrengtHV ened in my opinion, as not a fingle authoritative dictum is to be found againft. it.
 

 Yeates,
 
 Justice
 
 :—Concurred.
 

 . By the Court ¡—Let judgment be entered'for the.plaintiff, for damages, intereft, and cofts.