The opinion of the court was delivered by
Rogers, J.
A scire facias had been issued upon a judgment entered in the Court of Common Pleas of Allegheny county, to January Term, 1815, No. 115. Judgment having been obtained on the scire facias, and an execution issued, it was, on the 25th of May, 1826, on application, set aside, and the original judgment opened in August, 1826: the parties agreeing, that the merits of the original judgment be tried, without regard to the form of the pleadings. The defendant alleged that he had fully accounted; and, to put in this defence, asked leave to plead plene administravit and want of assets, which was refused by .-the court.
I cannot believe that the defendant intended by his agreement, to preclude himself from the benefit of this plea. It is a defence strictly on the merits, involving the personal liability of the administrator; and it would be most unjust, that he should be liable, if he had no funds in his hands. It was this he offered to show, which he was prevented doing, in which I conceive there was manifest error.
Whether the plaintiff or defendant had the conclusion to the jury, we shall not undertake to decide, as we are clearly of opinion, it is not assignable for error. Every court is the best judge of its own practice; and it does not become this court, on slight grounds, to interfere. Counsel consider the last word to the jury as of some consequence. Sometimes it enables them to remove, and sometimes to create false impressions on the minds of the jury; but every inconvenience of this kind, it is presumed, is attended to and prevented by the charge of an upright and able court. It is, at any rate, but damnum absque injuria.
*322 The court charged the jury that the sum of one thousand dollars, mentioned in the bond, was stipulated damages, and not in the nature of a penalty. A penalty is a forfeiture annexed to a contract, or agreement; either for the better enforcing a prohibition, or by way of security for the doing of some collateral act agreed upon between the contracting parties.
Stipulated damages can only be where there is a clear unequivocal agreement, which stipulates for the payment of a certain sum, as a liquidated satisfaction, fixed and agreed upon between the parties, for the doing, or not doing certain acts; particularly expressed in the agreement. The party may contract, and sometimes does, that on the non-performance of a particular act he will pay a stipulated sum, and in such cases, that sum is the measure of damages. Where the contract has been fairly entered into, not partaking of fraud or oppression, a court of chancery will not relieve, nor are juries permitted to inquire into the actual loss, but are bound by what the parties themselves have agreed upon. Where, however, there is such an agreement, to be in the nature of express damages, it would be easy to say so in express terms, and this would remove all difficulties of construction. The contract should be express, or it should be a necessary implication from the nature of the transaction itself. Where the non-performance can be compensated with money, of which a jury may judge, it is most consonant to reason, and best comports with the understanding of the parties, that the damages should be commensurate with the loss actually sustained. I am not able to understand what there is in this bond, which differs it from the ordinary case of a bond with a condition to perform some collateral act. If this bond should be eonstrued as a case of assessed damages, there are but few cases in which we might not be called on for the same construction. The bond was intended as a security, that Dr. Bradford would extinguish certain incumbrances on the land. A breach of this condition of the bond, will be adequately compensated by damages equal to the injury sustained. I have examined the case of Perit v. Wallis, 2 Dall. 252, so much relied on, and find that the question whether it was a case of stipulated damages was not raised. The only point decided by the court, was that, under the circumstances, the jury had a right to give damages beyond the penalty of the bond.
Judgment reversed, and a venire facias de novo awarded.