## MOSES B. IVES, PLAINTIFF IN ERROR, *v.* THE MERCHANTS BANK OF BOSTON.

The surety for the appellants from a decree in admiralty gave bond to pay all costs and damages which might be adjudged by this court.

This court having affirmed the decree of the Circuit Court with costs and six per cent. damages, judgment was entered upon the receipt of the mandate by the Circuit Court, for the amount of the original judgment together with the amount of costs and damages calculated up to that day; and execution was awarded.

Under this execution, the vessel, which had been attached under the libel, was sold for less than this aggregate amount.

The surety is not entitled to have a relative proportion of the proceeds of sale applied to the reduction of his bond, but is responsible upon it to the entire amount.

By the 26th section of the Judiciary Act, the courts have power to assess damages upon bonds, &c., and to render judgment for so much as is due according to equity, in cases of default or confession or demurrer. This section does not apply to a case heard on agreed facts.

But then when the case heard on agreed facts was the case of an appeal-bond, it was proper for the court to give judgment for the penalty of the bond (being less than the judgment under the mandate) and allow interest from the date of the institution of the suit, although the amount to be paid in this way would exceed the penalty of the bond.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the District of Rhode Island.

It was a consequence of the case of the New Jersey Steam Navigation Company *v.* The Merchants Bank of Boston, decided by this court at December term, 1847, and reported in 6 Howard, 344.

The Merchants Bank of Boston were the plaintiffs in the Circuit Court, and the cause of action is thus stated in the brief of the counsel for the plaintiff in error in this court. There was a special declaration in the Circuit Court, to which the defendant demurred: —

The facts set forth in the declaration and admitted by the demurrer, upon which the questions here presented arise, are shortly these.

The suit in admiralty — New Jersey Steam Navigation Company, Appellant and Libellee, *v.* The Merchants Bank of Boston, Libellant and Appellee, lately decided by the Supreme Court of the United States, and commonly called the Lexington case, was commenced in the District Court of the District of Rhode Island, by attachment of the steamer Massachusetts, then belonging to the Navigation Company. The suit coming by appeal to the Circuit Court of the United States for the District of Rhode Island, a decree therein was rendered against the Navigation Company at the November Term, 1843; whereupon an appeal was taken by the company to the Supreme Court of the United States, and Moses B. Ives, the plaintiff in error, entered into appeal-bond, as surety for the company, of which he was a member, in the penal sum of $2500, with the following condition:

" Now, therefore, if the said New Jersey Steam Navigation Company shall prosecute their said appeal before the said Supreme Court of the United States with effect, and shall well and truly pay all such costs and damages as shall be adjudged for them to pay by said Supreme Court, or by said Circuit Court, by reason of said appeal, then the before-written obligation to be void and of no effect, otherwise it shall remain in full force and effect."

The suit terminated in the Supreme Court in a decree in favor of the libellant and appellee, and execution finally issued against the Navigation Company for the sum of $28,302.26 debt, and costs taxed at $680.50, which, together with the sum of 75 cents for the execution, made the whole amount of the execution $28,983.51, the debt drawing interest from the 19th day of June, 1848.

Of the debt, so called, embraced in the above execution, the sum of $6,228.78, consisted of the costs and damages of the

appeal decreed by the Supreme Court, that is to say, $6,078.26 of it was interest on the amount decreed, accruing during the pendency of the appeal, given by way of damages of the appeal, and the balance $150.52 were the costs of the appeal. This sum, $6,228.78, drawing interest from the 19th day of June, 1848, is the sum for which Mr. Ives would have been liable, to the extent of the penalty of the appeal-bond, had the execution remained wholly unsatisfied. But the above execution was levied by the marshal upon the steamer Massachusetts, attached as aforesaid on the original process in the suit, and on the 26th day of July, 1848, the Massachusetts was sold by the marshal under the levy for the sum of $25,000, and, deducting therefrom the sum of $883.38, the marshal's fees and expenses, the sum of $24,116.62 was paid over by the marshal to the Merchants Bank, and the execution thereupon returned satisfied for that amount, and unsatisfied for the balance, that is to say, between four and five thousand dollars of the execution remained unpaid.

The present action is an action by the Merchants Bank against Mr. Ives, the surety on the above appeal-bond to recover the costs and damages of appeal ; and the plaintiff and defendant in error claimed, below, that he was entitled to apply the 24,116.62, net proceeds of the Massachusetts, first to that portion of his execution not protected by the appeal-bond, and was compelled to apply the balance only to that portion of the execution protected by the appeal-bond, treating the sum made upon the execution in the same manner as if it had been a voluntary payment without direction by the payor, in which case the right of appropriation remains with the payee. To this result the learned judge who tried the case below, for various reasons came, and rendered judgment against Mr. Ives for the penalty of the bond, with interest from the day of demand by action brought.

The cause was argued in this court by *Mr. Ames* for the plaintiff in error, and by *Mr. Pitman,* upon a brief of *Tillinghast & Bradlee,* for the defendant in error.

The plaintiff in error contended,

1. That, under the facts set forth in the declaration, judgment should not have been rendered against him for a greater sum, at the most, than what would remain due of the costs and damages of the appeal, after deducting therefrom the amount thereof received from the net proceeds of the Massachusetts, applied *pro rata* to every portion of the execution, as well to the costs and damages of appeal for which the plaintiff in error was liable as surety for the Navigation Company, as to that portion of it for which he was not liable. In other words, we say that the net

14 *

amount made by the levy of the execution paid upwards of eighty per cent. of the amount of the same. Equally apportioned to the costs and damages of appeal, which it should have been, it paid upwards of eighty per cent. of them, that is to say, about $5000 of them; leaving about $1200 of them due with interest from the day of demand by action brought, for which, at the most, judgment below should have been rendered against us, instead of for the whole penalty of the bond with interest.

2. That so far from the law permitting the defendant in error to apply the amount made on the execution exclusively to the portion of the debt not secured by the appeal-bond, it will itself apply it, in the first instance, to the payment of the costs and damages of appeal in exoneration of the surety on the bond.

3. That, at all events, judgment should not have been rendered for a sum exceeding the penalty of the bond, which is the utmost extent of our liability; the judgment, so far as interest on the penalty is concerned, being erroneous.

The points raised by the counsel for the defendant in error were the following:

1. That the plaintiff in error upon the bond in this suit is a substitute for the New Jersey Steam Navigation Company, and that his liabilities are the same as those of the company would have been, had the bond been executed by them.

2. That the plaintiff in error is, at all events, nothing more than a surety for the accommodation of the company.

3. That, in either light, he cannot claim a discharge from his liability, until the debt to the Merchants Bank is paid; and this, 1st, upon the principle illustrated in the cases 1 Gill & Johns. 346, and 15 Conn. 437. See also Kyner *v.* Kyner, 6 Watts, 222. That a creditor holding a security for both portions of his debt, and a surety also for one portion, may, and the court will, so apply the securities, as to pay the whole debt. The surety is not entitled to any transfer or appropriation of securities for his benefit, until the whole debt is paid. 2d, Upon the rule of the civil law to be followed in its analogies in our courts of equity, which makes a positive appropriation of any payment first to the debt upon a judicial demand, and not first to the interest or damages allowed for the detention of such a debt. 3d, Because such appropriation is the only mode by which the purpose of the court in requiring an appeal-bond, can be accomplished, and justice done between the parties.

4. We submit that interest on the penalty of a bond from the date of the writ is allowed against the obligor and sureties on a bond in the courts of the United States, as shown by the decisions in 1 Paine and 1 Gallison, both confirmed in the Supreme Court, and such also is the prevailing doctrine in other courts.

Mr. Justice CATRON delivered the opinion of the court.

At November term, 1843, in the Circuit Court of Rhode Island, the Merchants Bank of Boston recovered against the New Jersey Steam Navigation Company, by decree in an admiralty suit, the sum of $22,224 and costs of suit. From which decree the respondents appealed to this court; and on December 14, 1843, Moses B. Ives, the present plaintiff in error, became bound as surety for the appellants in a penal bond of $2500, with a condition, "that the said Navigation Company should prosecute their appeal with effect, and should well and truly pay all such costs and damages as should be adjudged for them to pay by said Supreme Court, or by said Circuit Court, by reason of said appeal, in case of failure. At December term, 1847, the appeal was heard before the Supreme Court, and the decree affirmed, with costs and six per cent. damages. On return of the mandate, a judgment was entered in the Circuit Court against the Navigation Company, for the original amount; and also for $6,078.20 damages, arising by reason of the appeal, and for $529.98, being costs covered by the appeal-bond. The entire sum for principal, damages, and costs, being $28,452.78. Execution issued for the aggregate sum, and the steamboat Massachusetts was sold, 20th July, 1848, for $25,000, by virtue of the writ. The vessel had been attached when the proceeding was commenced, and continued subject to a lien until sold; but, not bringing a sum equal to the final decree, Ives was sued on his appeal-bond, and the Circuit Court gave judgment against him for the amount of the penalty, and also for six per cent. interest on the $2500, from October 10th, 1848, being the time when he was served with the writ; the penalty and interest amounting to $2,605.80, for which judgment was rendered at the June term, 1849. To bring up this judgment, Ives sued out the present writ of error.

First, it is insisted, and assigned for error, that the $25,000, made by a sale of the vessel, covered about eighty per cent. of the amount included in the execution, and ought to have been proportioned to every part of the demand, and if thus applied to damages and costs, would have reduced them to about $1200, and that plaintiff in error was responsible for no more.

Ives was bound to pay such damages as might be awarded by the Supreme Court, and costs; and could have been sued and a judgment had against him, had no execution issued. He was positively bound to the amount of his bond, and could not be heard to allege an extinguishment of it in part, because of a payment made by his principals, leaving an amount due equal to the bond.

This is the plain equity of the case. If the appeal had not

been taken, and the property attached had been sold in due time after the first decree for $25,000, no damages would have been sustained by the plaintiffs below, and as the surety was instrumental in delaying satisfaction, it is equitable that he should respond to such damage as his act occasioned, and which enlarged the amount. The second ground relied on to reverse is, that by uniform practice costs are deducted from the first proceeds collected on an execution including them; and that a surety for costs is never held liable when an amount sufficient to cover costs is made of the principal.

It is not necessary at present to decide this matter of practice, nor shall we do so, as the unsatisfied damages, exclusive of costs, far exceeded the judgment rendered by the Circuit Court.

The third and remaining question is one of general importance and some difficulty. The surety was bound in a penal bond, and this penalty the Circuit Court exceeded, by allowing interest on it from the time of demand by suit; and it is insisted that in this there was error. The action was debt, with an allegation of damages sustained by its detention. The parties came to a hearing on an agreed case which set forth the facts, and submitted the law arising on them to the court; and, as the 26t₁ section of the Judiciary Act of 1789 only gives the courts power to assess damages and to render judgment for so much as is due according to equity, in cases of default or confession, or on demurrer, it does not apply in cases heard on agreed facts, or tried upon pleadings and proofs. This court so held in Farrar & Brown v. The United States, 5 Pet. 385, and which construction we follow. In the same cause it was adjudged that, in an action of debt against the sureties of a surveyor who had received moneys of the United States to disburse, and given bond with sureties to account for them, the practice was to render judgment in debt for the penalty, to be discharged by the amount actually due, and that this amount could not exceed the penalty.

In cases where unascertained damages are claimed, about which there is a contest, the foregoing is the proper rule; although it was departed from in the case of McGill v. The Bank of the United States, 12 Wheat. 514, where payments had been made by the sureties after a defalcation, and an account was taken between the parties, and interest calculated on both sides and a balance struck, which, when added to previous payments, exceeded the penalty of the bond. But these cases widely differ from the present. Here the surety was bound to pay damages that might be adjudged against his principal in the Supreme Court. They were established and settled at $6,078.26; and this judgment bore six per cent. interest from

its date. It was conclusive as against the principal; and equally conclusive of the fact, that the surety was bound to pay it to the extent of $2,500. Then this amount was due by the bond, which could have been at once enforced by suit; and if the Supreme Court had been vested with power to render judgment against the surety on the appeal-bond, as is the case in some of the States, no reason would seem to exist, why the bond should not bear interest from the date of judgment in the Supreme Court against the surety as well as against the principal. But as Ives only guaranteed the payment of damages, and it was a duty imposed on the principal to pay the entire judgment, the moderate rule has been applied of requiring interest from the time that demand of payment was made by suit; a rule now so generally established in similar cases, by State courts of high authority, that this court could not violate it without manifest impropriety.

Of course we are dealing with an appeal-bond, and do not intend to go beyond the case before us. It is, therefore, ordered, that the judgment rendered by the Circuit Court be affirmed.

### Order.

This cause came on to be heard on the transcript of the record, from the Circuit Court of the United States for the District of Rhode Island, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs and damages, at the rate of six per centum per annum.