# WASHINGTON COUNTY INSURANCE COMPANY *vs.* CHARLES A. COLTON AND OTHERS.

A statute of Pennsylvania required all foreign insurance companies establishing agencies within the State, to publish a report of their condition for three months in every year in certain cities named, and all agents of such companies before commencing business to file copies of their powers of attorney in the office of the secretary of the state. In a suit brought by such a company against such an agent and others his sureties, upon a bond for the faithful discharge by such agent of his duty in said state,—it was held, 1. that the publication of such report not being made by the act a condition precedent of the right to commence business, the requirement was merely directory, and the neglect of the company to comply with it did not render the business transacted by the agent illegal, and the bond in consequence void; and 2. that the filing of a copy of the power of attorney with the secretary of the state,

was the duty of the agent himself, of the neglect of which neither he nor his sureties could take advantage.

The bond was dated September 25th, and the condition recited the appointment of such agent as having been already made. The appointment was in fact made and the bond delivered on the 27th of September. The defendants claimed that the agency under which the breach of the bond was claimed to have been committed, was not covered by the bond, which could be taken only as referring to some former agency, though there was no pretence that there had been in fact such a former agency. Held that, there being confessedly but a single agency, the defendants were estopped from showing that it was different from that which they had described in their own bond.

Held also that interest was recoverable on the principal sum due on the bond, from the time of the breach, although in consequence the damages exceeded the penal sum named in the bond.

THIS was an action on a bond, brought by the plaintiffs, a corporation located in the state of New York, against Charles A. Colton, Edward Goodman, Chester Adams, L. R. Brown, and Oliver Parish. The bond was dated September 25th, 1849, and in the penal sum of $500. The said Colton was principal and the other defendants sureties. The condition of the bond was as follows. " Whereas the above bounden Charles A. Colton has been appointed an agent of said company, if he shall faithfully account for and pay over to said company all money that shall be paid to him belonging to said company, and shall in all things honestly discharge the duties of an agent of said company, this obligation shall be void."

The cause was tried on an issue closed to the court, at the term of the superior court holden in the county of Hartford, in May, 1856.

The court found that the plaintiffs were incorporated under the laws of the state of New York, for the purpose of mutual insurance against fire in that and other states; that shortly before the 25th day of September, 1849, the plaintiffs, on the application of the said Colton, had agreed to appoint him their agent for a part of the state of Pennsylvania, upon his procuring bond with surety for his faithful discharge of the duties of the agency; that the said Colton and the defendants on the 25th day of September, executed for that purpose the bond in question, which the said Colton delivered to the plaintiffs at

their office in the state of New York, on the 27th of the same month, and on that day received his appointment as their agent; that he at once entered upon the duties of such agency in the state of Pennsylvania, and continued therein until April, 1851, when he resigned said agency; and that at the time of his resignation there was a balance of money in his hands due to the plaintiffs, and received by him in the course of his agency, amounting to $729.32, which had not since been paid.

The court further found that by a statute of that state, passed February 19, 1849, any mutual fire insurance company chartered within any of the adjoining states, for the purpose of insuring detached buildings and their contents, whose capital is composed of moneys paid and promissory notes taken at the time application shall be made, may have agencies, and become insurers in any case whatever, in the commonwealth of Pennsylvania, except within the limits of any city, borough, corporated district, and the counties of Bucks, Lancaster, York, and Delaware, upon the agents filing a duplicate copy of his appointment in the office of the secretary of the state; and that the company establishing such agency is by a further provision of said act required to publish an annual report, stating its condition in certain specified particulars, for three months in each year, in a newspaper published in Philadelphia, Harrisburg, and Pittsburg.

The court found that the plaintiffs were an insurance company in all respects of the character described in the act, and that all the risks taken by the said Colton as its agent in said state of Pennsylvania, were upon detached buildings and their contents, and were not within the limits excepted in the act. But the court did not find that the said Colton ever filed a duplicate copy of his appointment in the office of the secretary of the state, or that the plaintiffs ever published their report as required by the act.

The court upon these facts found the issue for the plaintiffs, and rendered judgment for them to recover of the defendants the sum of six hundred and fifty dollars damages and their costs. The defendants thereupon filed a motion in

error. The errors assigned appear sufficiently in the brief of the counsel for the plaintiffs in error.

*Hungerford* and *Goodman* for the plaintiffs in error.

1. The business of insurance carried on by the plaintiffs in the state of Pennsylvania was unlawful from non-compliance on their part with the laws of that state. The court has found their non-compliance. Such compliance was a condition precedent of their right to transact business. *Clark* v. *Protection Ins. Co.*, 1 Story, 109.

2. All agreements made with reference to such illegal business are therefore void. *Booth* v. *Hodgson*, 6 T. R., 405. *Mitchell* v. *Cockburn*, 2 H. Bla., 379. *Jacques* v. *Withey*, 1 id., 65. *Edgar* v. *Fowler*, 3 East., 222. *Pray* v. *Burbeck*, 10 N. Hamp., 377. *Bell* v. *Quin*, 2 Sanford, S. C., 146. *Buxton* v. *Hamblen*, 32 Maine, 448. *Wheeler* v. *Russell*, 17 Mass., 258. *Mitchell* v. *Smith*, 1 Bin., 110. *Eberman* v. *Ritzel*, 1 Watts & Serg., 181.

3. The sureties are not liable on this bond. 1st. The bond is dated September 25th, 1849, and counts upon an appointment already made. The appointment under which Colton held office when he received the money which he has not accounted for, was made on the 27th of September, 1849. The sureties never agreed that he should account for moneys received under this later appointment. The contract of the surety is to be construed strictly. Burge on Sureties, 40. 2d. The appointment made on the 27th of September extinguished the agency existing under any former appointment. Consequently the time for which the sureties had become bound had expired. Burge on Sureties, 63, 113, 115, 117. *Wright* v. *Russell*, 2 Bla. R., 934. *Campbell* v. *French*, 6 T. R., 200. 3d. The appointment of September 27th was such a new arrangement, or deviation from the original arrangement, as discharged the sureties. Burge on Sureties, 166, 214. *Whitcher* v. *Hall*, 5 B. & C., 269. *Evans* v. *Whyle*, 5 Bing., 485. *Beacon* v. *Chesney*, 1 Stark. R., 192. *Farmers and Mech. Bank*, v. *Evans*, 4 Barb., 487. *Miller* v. *Stewart*, 9 Wheat., 680. *Pullein* v. *Benson*, 1 Ld. Raym., 349. *Hall*

v. *Denbigh*, 1 Cro., 773. *Styles* v. *Wardle*, 4 B. & C., 908. *Cromwell* v. *Grunsden*, 2 Salk., 462. *Cromwell* v. *Dresdale*, 3 id., 73.

4. The sureties are liable if at all, only for the penalty of the bond, and interest should not have been added. *N. H. Bank* v. *Miles*, 5 Conn., 587. *Mower* v. *Kip*, 6 Paige, 88. *Rayner* v. *Clark*, 7 Barb., S. C., 581. *Clark* v. *Bush*, 3 Cow., 151. Sedgwick on Damages, 425.

*Perkins* and *Eaton*, contra.

1. That portion of the Pennsylvania act prescribing what the agent should do personally, even if neglected by him, he can not set up as a defence.

2. The publication of the report prescribed by the act was merely directory to the company; it was an act to be done after the business was transacted, and of course could not have been designed as a prerequisite to its legality.

3. The bond and the appointment were in substance simultaneous acts. Even if there existed the inaccuracy of expression claimed, it would not vitiate the contract. Besides the recital in the bond of the existence of the agency is conclusive upon the defendants, who can not be allowed to show that the appointment was different from that described in the bond.

4. The allowance of interest on the bond was proper. If there is any error in this respect we can remit the excess.

HINMAN, J. Charles A. Colton, one of the defendants, was the plaintiffs' agent, and the bond in suit was given to secure the faithful discharge of the duties of his agency. He received more money in the business of his agency, which he has not accounted for or paid over to his principals, than the full amount of the penalty in the bond; but it is claimed that in consequence of the illegal character of the agency he was not bound in law to pay it over, and consequently that his sureties in the bond are not responsible for his default; and this raises the principal question for our consideration. The plaintiffs are an insurance company-incorporated by the

laws of New York, and it was the understanding of the parties that the business of this agent was to be transacted in the state of Pennsylvania, where he accordingly acted as such agent, and received the money sought to be recovered in this action. By the laws of Pennsylvania, foreign insurance companies are only permitted to transact business in that state upon certain conditions, which were not complied with in respect to the business done by this agent, and on this ground it is insisted that the business was illegal, and the agent under no obligation to account for the moneys received by him in it. It is provided by the statutes of Pennsylvania that mutual fire insurance companies chartered by the laws of an adjoining state, for the purpose of insuring detached buildings and their contents, whose capital is composed of moneys paid and premium notes taken at the time application shall be made for insurance, can or may have an agency or agencies, and can or may become insurers in any case whatever, except within the limits of any city, borough, or corporated district within the commonwealth, and the counties of Bucks, Lancaster, York, and Delaware, legitimately appertaining to their business, and not contrary to the laws of the commonwealth; provided that every agent of such association or company, before transacting any business whatever for such company, shall file in the office of the secretary of the commonwealth, a duplicate copy of his appointment, under the common or corporate seal of such company; and provided further, that every such association or company shall publish their annual report three months in each year, in a newspaper published in Philadelphia, Harrisburg, or Pittsburgh, such report to contain the number of members, the amount insured, the amount of premium notes, the amount paid out for losses and expenses, the amount of money in the treasury, and the amount of claims against said company; and provided further, that any law or laws inconsistent herewith be and the same are hereby repealed; and provided further, that no insurance shall be effected under this act except upon the strict mutual principle, and no policy

shall be issued to any person who shall not become a partner in such corporation.

The plaintiffs are such a mutual insurance company, chartered by the laws of an adjoining state, as was contemplated by this act, and as all the risks taken by this agent were upon detached buildings and their contents, and in such localities as not to be prohibited by the statute, the only question in respect to the legality of the agent's acts, arises from the fact that he did not file a duplicate copy of his appointment in the office of the secretary of state, and the company did not publish its annual report for three months in each year, in a newspaper published in Philadelphia, Harrisburg, or Pittsburgh, as is required by the act.

In regard to the neglect of the agent to file a copy of his appointment in the office of the secretary of state, this, by the law of Pennsylvania, appears to be the duty of the agent himself, and it is quite obvious that it would be unjust to suffer him, or the persons who have become bound for the faithful discharge of all his duties, to take advantage of this neglect, so as to protect him from all accountability for moneys received as such agent. If he could do this, he could not only take advantage of his own wrongful neglect of duty, but he would be allowed to say that the bond which he has given to secure his faithful discharge of duty, is rendered inoperative by the very neglect which it was the object to provide security against when it was given. We are satisfied that he ought not to be permitted to do this, and that there is therefore no error, in this respect, in the judgment of the superior court.

That portion of the statute of Pennsylvania which made it the duty of the plaintiffs to publish their annual report in certain newspapers three months in each year, does not provide that the publication shall be made before the company commences the transaction of business in the state, or even that it shall be made at the commencement of the year, or as soon after the commencement of business as may be conveniently done. But the time of publication is left entirely at the option of the company, provided only it is done within

the year. It must have contemplated therefore, that business would be done before the publication, which is wholly inconsistent with the claim that the previous publication was required as a condition precedent to the transaction of business in the state by such foreign insurance company. The statute requiring such publication appears to us therefore to be directory merely, and not designed to render any business transacted before such publication illegal.

The defendant's bond is dated the 25th of September, 1849, but was not delivered until the 27th of September, and as it is stated in the condition "that the above bounden Charles A. Colton has been appointed an agent of the said company," and provides that if he shall faithfully account for and pay over to the said company all money that shall be paid to him, belonging to said company, and shall in all things honestly discharge his duties, then the obligation shall be void; and as it is found by the court that he received his appointment on the 27th day of September, when the bond was delivered, and not on or before the 25th of September, as might be inferred from the expression used in the condition, it is claimed that although the bond takes effect from the delivery, yet its legal effect is only to secure the faithful discharge of the duties of an agency under an appointment made on or before the 25th of September, on the ground that the expression that the agent had been appointed, refers to the date of the instrument, and not to the time of its delivery; and cases are cited in which it is held that if an instrument has a sensible date, reference to it in other parts of the instrument must be understood to mean the day of the date, and not the day of the delivery; and the claim is therefore made that as the bond states that the agent had been appointed, it must be understood that he was appointed on or before the 25th of September, and can not therefore be intended to secure any moneys received by him under an appointment on the 27th of September, when the court finds this agent was appointed. It appears to us however, that although it is found that the appointment was made on the 27th of September, yet as there is no pretense that there

was more than one appointment in point of fact, the finding of the court must be taken subject to any legal objection there may be to proof of an appointment which contradicts the terms of the bond. If there be a condition to perform the covenants of an indenture, the obligor is estopped to say there is no such indenture. So if in the condition of a bond it is recited that certain premises were demised at a specified rent, the obligor is estopped from saying that the rent reserved was less than the amount specified. *Lainson* v. *Tremere*, 1 A. & E., 792. Now in this bond it is recited in the condition, that the said Colton had been appointed agent of the plaintiffs. The defendants can not contradict this by showing that the appointment was, in fact, subsequent to the date, or even to the delivery of the bond. And as the bond estops them from contradicting this recital, the finding of the court should be treated as directly contrary to the only proper evidence on the subject, which was the bond itself; and as by this it appears that Colton had been appointed agent, this must be considered conclusive, and consequently the superior court was correct in disregarding this objection to a recovery.

The allowance of interest on the penalty, which was less than the amount actually due, from the time of the neglect of Colton to pay over the amount received by him, was in conformity to our practice. *Carter* v. *Carter*, 4 Day, 30. Upon the whole case therefore, we find no error in the judgment of the superior court.

In this opinion the other judges concurred.

Judgment affirmed.