## CHARLOTTE D. SIMMONS *vs.* WILLIAM F. ALMY & trustees.

An attorney has no such lien in a cause before judgment as to prevent his client from settling the action with the opposite party without his consent or knowledge.

In an action on a *quantum meruit* for board, the payment, " in settlement of the action," of more than the whole amount alleged in the declaration to be due, is good as an accord and satisfaction, and the action cannot afterwards be maintained for the recovery of a balance of the interest since the date of the writ.

CONTRACT on an account annexed, the only item in which was : " To board from November 7, 1864, to January 9, 1866, sixty-one weeks at $5 per week, $305.00." Writ dated February 9, 1866. The action was entered in the superior court at March term 1866, the defendant defaulted at that term, and the case continued on questions arising upon the trustees' answer, which were finally decided by charging the trustees, until March term 1869, when the default was taken off by order of court and the defendant answered that the action had been " settled by the principal parties therein, on or about December 31, 1868." At June term 1869, Louis Lapham, the attorney and counsel for the plaintiff, filed a claim as a lien for fees and disbursements in the action against the defendant.

At the trial, before *Wilkinson*, J., the defendant produced a paper dated December 31, 1868, and signed by the plaintiff, acknowledging the receipt from the defendant " by Asa B. Anthony of $240 in full for the amount due me from said Almy and of any and every claim against said Almy in my favor up to December 31, 1868, and in settlement of the action in my name against said Almy now pending in the superior court." This receipt was given without Lapham's knowledge.

The plaintiff contended that the receipt was obtained from her by misrepresentation and by " legal fraud as it affected the rights of the plaintiff and her counsel," and testified that, at the time of signing it, she said that she would take the sum named therein in payment, if the costs were paid by the defendant to Lapham ; that the whole claim of $305 was due to her at the time of bringing the action ; and that she had received about

$100 from the defendant before the payment for which the receipt was given. Anthony, through whom the $240 was paid by the defendant and the receipt taken, testified that he knew that Lapham was attorney for the plaintiff and had acted for her in this case; but that he did not agree that the defendant should pay the costs. The defendant introduced evidence tending to contradict the plaintiff's testimony, and to show that the settlement was fairly made.

The plaintiff asked the judge to instruct the jury that " no settlement made with a party without the knowledge of the counsel in the suit can operate as a discontinuance of the suit so as to deprive the counsel of his lien for costs therein, and that such a settlement so made is of itself evidence of fraud;" and also that, " if the receipt for $240 was payment to that amount, it was not a settlement of the action, and the plaintiff was entitled to recover the balance beyond that amount." But the judge declined to give the instructions prayed for, and instructed the jury " that, if the settlement and receipt were fairly obtained, they were binding upon the plaintiff, though without the knowledge of her counsel and for a less sum than was claimed in her writ; that, if the settlement and receipt were obtained by fraud, they were of no validity; that the question of fraud was for the jury to determine from all the facts and circumstances attending the transaction; and that they might consider the amount paid and the absence of counsel, and give them such weight as they might think them entitled to on this question." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*L. Lapham*, for the plaintiff.

*E. Williams*, for the defendant.

COLT, J. The first instruction was asked by the plaintiff on the ground, apparently, that her attorney had such a lien upon, or interest in, the pending suit, that without his consent the plaintiff herself could not settle the action so as to deprive the attorney of his right to look to the avails of the suit, as well as to the personal responsibility of the plaintiff, for his costs. But the case does not show any such lien to have existed at the time

of the settlement. At common law, the attorney has no lien upon the cause for his fees, either before or after judgment. *Getchel* v. *Clark,* 5 Mass. 309. By the Gen. Sts. *c.* 121, § 37, he has such lien only when he is lawfully possessed of an execution, or has prosecuted a suit to final judgment in favor of his client; and not then, as against a payment to the judgment creditor without notice of the lien. The plaintiff does not come within the statute. And there is no pretence of any special contract, creating a particular lien in the attorney's favor, of which the defendant had notice before the settlement. The law which gives an attorney a lien, in some cases, upon the papers of his client in his hands, for fees and disbursements, if recognized as prevailing in this Commonwealth, has no application here. *White* v. *Harlow,* 5 Gray, 463. 2 Hovenden's Suppl. to Ves. Jr., note to *Taylor* v. *Popham,* 315; 13 Ves. (Am. ed.) 59, 62.

The remaining instruction asked for required the application of the familiar rule that a creditor cannot bind himself, by a simple agreement, to accept a smaller sum in lieu of an ascertained debt of a larger amount, because such contract is without consideration. This rule, it is said, may obviously be urged in violation of good faith, and is not to be extended beyond its precise import; it is never enforced when the technical reason on which it is founded does not exist. *Brooks* v. *White,* 2 Met. 283. It does not apply when the debt has not been liquidated between the parties; and, in the case of *Wilkinson* v. *Byers,* 1 Ad. & El. 106, 113, which resembled this, Parke, J., declared that, " if an action be brought on a *quantum meruit,* and the defendant agree to pay a less sum than the demand in full, it is a good consideration for a promise by the plaintiff to pay his own costs ; " and that " in the great majority of actions of this nature, it is not a specific sum that forms the subject matter of the action, and, unless that could have been shown in the case at bar, there was a good consideration for the promise."

The declaration in this case is upon an account annexed containing an item for board, and is equivalent to the common count upon a *quantum meruit.* It appears from the plaintiff's testimony, that the whole of the item was due at the time of

bringing the action; but it does not appear that that amount was in any sense liquidated between the parties, or that the amount was not in dispute. And the authority above cited, with the decisions of this court in *Donohue* v. *Woodbury*, 6 Cush. 148, and *Alvord* v. *Marsh*, 12 Allen, 603, is decisive.

There is another aspect of the case, which may be considered, and which tends to the same result. The amount paid at the settlement was more than enough, with the previous payment, to meet the plaintiff's demand at the date of the writ. By adding interest from that time to the time of settlement, it is claimed that it now appears, by the plaintiff's computation, that there is a small balance of interest unpaid. If this were so, the rule under consideration is not applicable to the state of facts as claimed to exist. The interest unpaid in this case was no part of an ascertained demand, or of a demand capable of liquidation by the terms of the contract alone. The plaintiff had no claim to interest as an incident to or part of the original debt, as where there is an original promise to pay interest or where there is default in the payment of money at the time stipulated. Her claim to interest is by the way of those damages which the law allows for the detention of money, and which, when there has been no demand, are computed from the date of the writ. And where the principal of the debt is paid and accepted, the action cannot be pursued for the interest. Such a demand does not seem to come within the principle which the plaintiff invokes the aid of. *Bank of Brighton* v. *Smith*, 12 Allen, 243. *Goff* v. *Rehoboth*, 2 Cush. 473. *Tuttle* v. *Tuttle*, 12 Met. 551. In the case of *Johnston* v. *Brannan*, 5 Johns. 268, which was an action on a promissory note payable on time, and therefore stronger for the plaintiff than the case at bar, it was held that the rule ought not to be applied to a case where the payment accepted as satisfaction fell short about two dollars of the whole amount of principal and interest due the court remarking that " in many cases interest is uncertain damages, and ought not to be considered as part of the debt, within the purview of that rigid and rather unreasonable rule of the old law."

Upon the whole, the case did not call for other instructions than were given, which were sufficiently full and accurate, as the case was presented.                *Exceptions overruled.*