## Case No. 15,369.

UNITED STATES v. HILLS et al.

[4 Cliff. 618; [1] 6 Reporter, 771.]

Circuit Court, D. Massachusetts. Oct. 7, 1878.

OFFICIAL BONDS — LIABILITY OF SURETIES — INTEREST, WHEN PAYABLE.

1. Sureties, if answerable at all for interest beyond the amount of the penalty of the bond given by their principal, can only be held for such an amount as accrued from their own default in unjustly withholding payment after being notified of the default of the principal.

2. When allowed, it is upon the ground that a debt which is due, and the payment of which is wrongfully delayed, should carry interest.

3. Interest from the date of the writ may be allowed, and for no greater amount, where the case is heard on an agreed statement of facts.

4. The defendants were principal and sureties on an official bond for the faithful performance by the first-named defendant of his duties as paymaster in the navy. Default was made in the performance of such duties. Suit was brought, service made, and the defendants defaulted. Subsequently they appeared, and the default was taken off. Judgment was finally rendered for the amount claimed by the United States, and with interest from the date of the writ to the date of the judgment. The surety had no notice of the default of the principal until the date of the commencement of the action. Held, that the judgment be affirmed.

[In error to the district court of the United States for the district of Massachusetts.]

This was an action of contract brought by the United States against [Frederick C. Hills and others] certain signers on an official bond of a paymaster in the United States navy, and conditioned for the faithful performance of his duties as such officer. The bond was for $5,000.

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission. 6 Reporter, 771, contains only a partial report.]

George P. Sanger, U. S. Atty.

Hillard, Hyde & Dickinson, for defendant.

CLIFFORD, Circuit Justice. Sureties, if answerable at all for interest beyond the amount of the penalty of the bond given by their principal, can only be held for such an amount as accrued from their own default in unjustly withholding payment after being notified of the default of the principal. Lyon v. Clark, 8 N. Y. 155; Wilde v. Clarkson, 6 Term R. 304. When allowed. it is upon the ground that a debt which is due, and the payment of which is wrongfully delayed, should carry interest. The Northumbria, L. R. 3 Adm. & Ecc. 11. Interest from the date of the writ may be allowed. and for no greater amount, where the case is heard on an agreed statement of facts. Ives v. Bank, 12 How. [53 U. S.] 164.

Sufficient appears to show that Frederick C. Hills was appointed acting assistant paymaster and clerk in the navy: that he gave an official bond in the penal sum of $5,000, conditioned that he should faithfully discharge all his duties as such officer; and that the defendant was one of his sureties in that bond. Contrary to the stipulation of the bond the principal made default. as charged in the declaration; that is. he did not faithfully discharge all his duties as such assistant paymaster and clerk. Instead of that, he failed to pay over to the United States property. money, and bonds in his hands, belonging to the United States, which it was his duty to pay over and account for, within the meaning of his said official bond. Due request to the principal is alleged, and his refusal to comply. Service was made, and the principal and surety failing to appear, they were defaulted. But they subsequently appeared, and the default was taken off. Suffice it to say, without entering into the details of the proceedings. that judgment was rendered against the principal, in favor of the United States, for the whole amount claimed by the United States, including principal. with interest from August 24, 1864, to December 31, 1877. the date of the judgment, and taxable costs. Interest as against the surety was allowed only from the date of the writ, the judgment against him being for the sum of $515 debt, and interest from the date of the writ to the date of the judgment, with costs of suit. Exceptions were duly filed by the plaintiffs to the ruling of the district court that the surety was liable for interest only from the date of the writ. Error to that effect having been duly assigned, the plaintiffs sued out a writ of error and removed the cause into this court.

Interest is only claimed by the plaintiffs from the date of the last sum received by the principal. When the accounts of the principal were adjusted by the accounting officers of the treasury does not appear; but it does sufficiently appear that no demand was ever made of the surety; nor is it pretended that he ever had any notice of the default of the principal, prior to the commencement of the suit. Authority for the rule adopted by the district court is found in the case of M'Gill v. Bank, 12 Wheat. [25 U. S.] 514, where interest was allowed only from the date of the writ. Prior to that there was no default of the surety. as he had no notice that the principal had committed any breach of the bond. Where a bond with a penalty is given for the performance of covenants, the recovery must be limited to the penalty, especially in the case of sureties. Bank of the U. S. v. Magill [Case No. 929]. Had there been any previous demand of the penalty. or any acknowledgment that the whole was due, the court intimated in that case that interest might have been recoverable from that time.

Sureties are only bound to the extent of the obligation expressed in their covenants, unless they are themselves guilty of default, or appear and make defence, in which case they become responsible for costs. and. in many cases, for interest by the way of damages for the delay of payment. The Wanata. 95 U. S. 612.

Aid may also be derived in the solution of the question from the decisions of the British courts in construing the act of parliament passed to limit the liability of ship-owners. By that act the liability of ship-owners, in the cases therein specified, was limited to the value of the ship and freight. Cases have arisen under that act where it is held that the court cannot decree against the owner for any excess of damages beyond the proceeds of the ship. The Volant, 1 W. Rob. Adm. 383. But it is settled law that defending owners, in such a case. are liable for costs even beyond the proceeds. because to that extent they are in fault. The John Dunn, Id. 160. And Lord Denman sustained the ruling of the admiralty court. Ex parte Rayne, 1 Gale & D. 377; Gale v. Laurie. 5 Barn. & C. 156.

Replevin bonds are bonds with a penalty. and where property was replevied and a bond given for a return, in case the plaintiff was defeated. the recovery of the property having been demanded ' and refused. a suit was brought upon the bond. Held, by the supreme court of Massachusetts. that judgment should be rendered for the penal sum of the bond. with interest from the demand. Leighton v. Brown, 98 Mass. 516; McCluskey v. Cromwell. 11 N. Y. 593. Interest. say the same court. in another case, where the suit was against the sureties of a defaulting cashier, is to be added as damages for the detention of the money, for such time as the case shows that the defendants have been in default for its nonpayment. As a general rule. say the court in that case, where a debtor is in default for not paying money in pursuance of his contract. he is liable for interest thereon from the day of his default. and when a demand is necessary to put the debtor in

default, interest is to be given only from the demand. Where interest is not stipulated for as part of the contract, it is given by way of damages for the detention of the money. If the surety becomes charged, by the default of the principal, for the amount of the penalty, or any portion of it, then it is his duty to pay the same on demand, and if he neglects or refuses, the general principle, as stated, applies, and the interest is added by way of damages for his own default, not as enlarging in any degree his liability for the misconduct of the principal. Bank v. Smith, 12 Allen, 252; Brangwin v. Perrot, 2 W. Bl. 1190. Interest may be recovered on the judgment, transit in rem judicatam, but not on the bond. McClure v. Dunkin, 1 East, 436; Heiford v. Alger, 1 Taunt. 220; Clark v. Bush, 3 Cow. 158.

Authorities of a standard character decide that the surety, as a general rule, is not liable beyond the amount of the penalty, even though the principal and interest due by the condition of the bond exceed that amount. Yet the same authorities admit he may make himself liable for interests and costs even beyond that amount, if he delays the collection of the money by litigation. Mower v. Kip, 6 Paige, 88.

Whenever a debtor, whether principal or surety, is in default for not paying money, delivering property, or rendering services in pursuance of his contract, justice requires that he should indemnify the creditor for the wrong which he has done him by such neglect. Van Rensselaer v. Jewett, 2 N. Y. 140; Leggett v. Humphreys, 21 How. [62 U. S.] 75. Except where there is an express contract to pay interest, it is only recoverable as damages for the detention of the money which the party ought to pay. Abbott v. Wilmot, 22 Vt. 437; Evans v. Beckwith, 37 Vt. 285; Simmons v. Almy, 103 Mass. 36.

Bail-bond sureties, say the same court, are liable only for the penalty of the bond, with interest from the return of non est inventus as to the principal. 103 Mass. 398. Suppose that is so, still the attempt is made in argument to show that the United States are entitled to greater rights by virtue of the provision contained in section 26 of the judiciary act, which provides that in certain cases the court before whom the action is shall render judgment for the plaintiff, to recover so much as is due according to equity. 1 Stat. 87; Rev. St. § 961. Under that provision the judgment is not for the penalty of the bond, but for so much as is due according to equity; and the provision is, that if the sum for which judgment should be rendered is uncertain, it shall, if either of the parties request it, be assessed by a jury. Neither party made any such request in this case, and the matter was properly determined by the court. But the provision has no application whatever to the question involved in the present writ of error. It is cited in argument as a new provision, but it has been in force since our judi-

cial system was organized, and it was never heard that it was intended to enlarge the liability of a surety in such a case as that before the court. U. S. v. Curtis [Case No. 14,904], decided Mass. Dist., May term, 1876. For these reasons I am of the opinion that there is no error in the record.

Exceptions overruled, and judgment affirmed.