UNITED STATES *v.* DENVIR.

An officer charged with the disbursement of public moneys is not liable for interest thereon, if he has not converted them to his own use, nor neglected to disburse them pursuant to law, nor, when thereunto required, failed to account for or transfer them.

ERROR to the Circuit Court of the United States for the District of Massachusetts.

*The Solicitor-General* for the United States.
There was no opposing counsel.

MR. JUSTICE MILLER delivered the opinion of the court.

The United States recovered a judgment in the court below against Denvir, on a bond which he, as surety, had given for the faithful performance by David F. Power of all his duties as acting assistant paymaster in the navy of the United States. There was no service on Power, nor was an appearance entered for him. No defence by Denvir having been made, judgment was rendered for the sum of money found to be in the hands of the paymaster, with interest from the service of the writ in this suit, in March, 1875. The United States asserted a right to interest from the date of the last receipt of money by the paymaster, namely, August, 1865, and excepted because the court overruled this proposition.

No evidence was given of any demand on the paymaster, or any refusal to pay or transfer the fund in his hands, or to comply with any lawful order on the subject.

Though the condition of the bond is not exactly the same as in the case of *United States* v. *Curtis*, 100 U. S. 119, the principle of that case must control this.

That principle is that where an officer of the government has money committed to his charge, with the duty of disbursing or paying it out as occasion may arise, he cannot be charged with interest on such money until it is shown that he has failed to pay when such occasion required him to do so, or has failed to account when required by the government, or to pay over or transfer the money on some lawful order.

The mere proof that the money was received by him raises no obligation to pay interest in the absence of some evidence of conversion or some refusal to respond to a lawful requirement.

The obvious reason for this is that the government places the money in the hands of this class of officers, and all others who are disbursing officers, that it may remain there until needed for use in the line of that officer's duty; and until that duty requires such payment, or a return of the money to the proper department of the government, he is in no default, and cannot be required to pay interest.

*Judgment affirmed.*

NOTE. — *United States* v. *Knowles*, error to the same court as the preceding case, was submitted at the same time for the United States by *The Solicitor-General.*

MR. JUSTICE MILLER, who delivered the opinion of the court, remarked, that this case differed from that only in the circumstance that it was a suit on the bond of a military storekeeper in the army, and the amount found due had reference to property as well as money.

The same question as to interest was raised, and the court, on the ground that no demand had been made until the service of the writ, only allowed interest from that date.

Though, in the case of personal property and, indeed, of money so held, proof of a conversion might justify interest from the date of such conversion, there was no evidence in this case of such conversion or of an earlier demand than that made by the service of the writ.

*Judgment affirmed.*