Follett, Ch. J.
By signing the bond containing the recital that it was “ sealed with our seals. Dated this ninth day of March, eighteen hundred and seventy,” the defendant asserted in writing, over his own signature, in the most solemn manner, that the obligation was what a bond ex vi termini imports, a sealed instrument, and that it was sealed by him. The assertion was undoubtedly untrue, but it was made and put forth in the way best calculated, to deceive, as it did deceive, the obligee. Had the defendant intended in good faith to execute and deliver an unsealed instrument he should have stricken out the words quoted or have taken great care to have it delivered to the obligee as executed by him, but he did neither. He testified: “ I signed the bond, * * * at that time I knew the difference between a paper under seal and one not under seal. I would not sign it with a seal; too much force in a seal, extended the time too much, extended my liability too long. * * * I presume I read it before I signed it.” After the defendant had signed he turned the instrument over to the person for whose benefit it was given and whom he knew to be interested in procuring a bond executed in due form and acceptable to the obligee. Sherman then procured the signature of his brother and obtained from him the seals which he undoubtedly affixed to the signatures of the obligors. The fact that Sherman openly and evidently in good faith sealed and delivered it to the cpmpany, which received it in like good faith, is established by uncontradicted evidence. Under these circumstances the defendant should be held to be estopped by the recital and by his conduct from showing that he did not seal, or authorize the sealing of the bond.
The recital of a material fact in a bond which is accepted by the obligee and acted on in behalf of the truth of the statement estops the obligor from showing in an action on the bond that the recital is not true. Atlantic Dock Co. v. Leavitt, 54 N. Y., 35; Cady v. Eggleston, 11 Mass., 282-5; Dyer v. Rich. 1 Met., 180; Washington Co. Ins. Co. v. Colton, 26 Conn., 42; Tremble v. The State, 4 Blackford, 435; Big. Est, 5th ed., 382.
Gilkeson v. Humbird, 54 Md., 327, and Taylor v. Glaser, 2 S. & R., 502, are types of cases holding that when a penal bond is *52 delivered to and received by the obligee without seals, a recital therein that it is sealed does not make it a specialty or estop the obligor from denying that he is liable as on a sealed instrument, a rule which no one would dispute, but which is not related to the case in hand. Barnet v. Abbott, 53 Vt., 120, is in point and holds that a recital in a bond that it is “ sealed with our seals ” is evidence that it was sealed when delivered, but not proof, and that the obligor may show that he neither sealed nor authorized it to be sealed. In that case, a person appointed to the office of town treasurer executed as principal with three sureties a bond purporting to be under seal, but the sureties did not affix seals to their signatures or authorize it to be done. The treasurer, at whose request the bond was executed, affixed seals and delivered the bond to the selectmen, and it was held in an action brought upon the bond against the sureties that they were not estopped from denying that they sealed or authorized the sealing of the bond.
The case last cited seems to be opposed in principle to those previously referred to, and to lay down a dangerous rule. A great variety of bonds are in use in this country, bonds conditioned to ■secure the payment of money, the performance of contracts, the faithful discharge of duties by trustees and by public officers, which recite that they are executed under seal and they generally are. It is usually impossible to prove the genuineness of the common law seal in use in this state, which consists simply of an impression made on a round bit of paper affixed to the instrument by mucilage or by a wafer. There are differences in signatures by which they may be identified and proved, but there are none in seals. Sometimes, though not usually, the execution of bonds is acknowledged, but many are not, and the ■certificate ordinarily used recites that the person named acknowledged that he executed the instrument, not that he signed, sealed .and delivered it, and the acknowledgment is but evidence, not proof, of due execution of the instrument acknowledged. Code ■Civil Procedure, §§ 935, 936, 937.
In an action on a penal bond in which it is recited that it is executed under seal, the obligor is estopped from denying that it was so executed when it appears by his own evidence that he knew the difference in the legal effect between sealed and unsealed instruments, that he read subscribed and placed it in the custody of the person interested in having it accepted, when it also appears that that person seals and delivers it to the obligee, who receives and acts on it in good faith. A different rule would open the way for cutting down by oral evidence the duration of obligations from twenty to six years.
The order should be reversed and a judgment ordered on the verdict in favor of the plaintiff, with costs.
All concur, except Parker, J., not sitting.