### UNITED STATES v. QUINN et al.

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

No. 606.

1. BOND OF INDEMNITY—LIABILITY OF SURETY—INTEREST.

    A surety on the bond of a contractor for the construction of a public work is not in default until notice or demand, and hence interest does not run, as against him, until then.

In Error to the Circuit Court of the United States for the Southern District of New York.

Frederick W. Park, for plaintiffs in error.

A. F. King, for the United States.

Before WALLACE and COXE, Circuit Judges.

¶ 1. See Principal and Surety, vol. 40, Cent. Dig. § 114.

PER CURIAM. This is an action against the sureties upon a bond conditioned for the faithful performance of a contract by the principal for the construction of a breakwater. Quinn failed to perform, and the work was let by the government to other contractors. Upon the trial of the action a judgment was ordered for the plaintiff for the difference between the contract sum and the sum at which the contract was relet, together with interest from the date when, by the terms of the contract, the work should have been completed. Upon the argument it appeared that a mistake in the computation of interest had been made against the plaintiffs in error. By stipulation between the parties duly filed, this mistake has been rectified, and interest is stipulated at the sum of $661.50. Were the question properly before us, we should be inclined to hold that interest can only be recovered from the date of the commencement of the action, the record failing to show a previous demand or notice.

A surety whose undertaking obligates him contingently for unliquidated damages is not considered as in default until notice or demand, and interest does not begin to run upon the amount until then. The rule is thus stated in 1 American Leading Cases, 507:

"It is not to be understood that, in general, interest, as against the surety, begins to run on the penalty, and on the debt if less than the penalty, only from the time of a demand upon the surety, or notice to him to pay, or by suit, or something equivalent to demand or notice."

This is the settled rule in the federal courts. McGill v. Bank of the United States, 12 Wheat. 512, 6 L. Ed. 711; United States v. Hills, 4 Cliff. 618, Fed. Cas. No. 15,369; Ives v. Merchants' Bank, 12 How. 159, 13 L. Ed. 936; Mowry v. Whitney, 14 Wall. 620, 20 L. Ed. 860; Blewett v. Front Street Cable R. Co. (C. C.) 49 Fed. 126.

There is, however, no exception or assignment of error which presents the question of interest.

At the trial the cause was properly disposed of, no error having been committed. Pursuant to stipulation, the judgment is modified as of May 1, 1902, so that the aggregate amount of the judgment, as of that date, shall be $3,661.48; and, as so modified, the judgment is affirmed.