24 P.(2d) 267

STATE v. AMERICAN SURETY CO. OF
NEW YORK et al.

No. 3768.

Supreme Court of New Mexico.

July 17, 1933.

J. Benson Newell, Dist. Atty., of Las Cruces, for the State.

Francis C. Wilson and George E. Kessler, both of Santa Fé, for appellees.

Cubia V. Clayton, of Tularosa, for intervener.

ZINN, Justice.

Inasmuch as the three questions presented for decision on appeal herein can be readily disposed of without a lengthy statement of facts, only such matters as necessary for an understanding of the opinion are here recited. The decision of each question will reflect the question presented.

As to the first point, we have carefully examined the record, and, there being substantial evidence to sustain the finding of the lower court, this court will not weigh the evidence. This rule is too well established to require citation.

As to the second point, the appellant in the trial court contended that the state was entitled to interest from January 3, 1923, and not from December 12, 1921, as it here contends in its second point, and it cannot now change its position and urge error. We cannot consider the proposition for the first time on appeal. This ruling likewise requires no citation.

As to the third point presented, a brief statement of facts is essential to an understanding of the same.

This suit is against the defendant corporations, as sureties on the bond of intervening defendant, G. V. Clayton, former county treasurer of Otero county, for the sum of $653.65, alleged to have been collected by the defendant Clayton as treasurer and not placed in the fund where such money belonged, and judgment was rendered in favor of the state in the sum of $396.80, together with interest thereon at the legal rate from September 5, 1928, being the date demand was made on the sureties for reimbursement, and disallowed as to the remainder claimed.

It is well to note that the appellant introduced into evidence the proceedings had before the board of county commissioners relative to the items charged against defendant Clayton at which proceedings the auditor for the appellant made the following statement: "These charges are found to be due to bookkeeping errors rather than intent to defraud the said County of Otero."

Clayton relinquished his office to his successor on January 3, 1923. An audit was subsequently made, and the errors discovered, a charge made against Clayton as principal, and a demand made upon the defendant corporations as his sureties on September 5, 1928. The sureties did not know of the charge against the principal until demand was made; no demand having been made on Clayton or his sureties to account for the amounts charged prior to the audit. The defendant Clayton at all times denied liability.

█ The issue presented is whether interest on the principal amount of the judgment is due from the date of the demand on the surety company defendants or from the date of the accounting by Clayton to his successor in office.

Counsel for appellant failed to cite but one authority in support of its contention that interest begins to run from the date of the accounting rather than from the date of the demand, and this case does not support appellant's theory. United States v. Patrik Denvir, 106 U. S. 536, 1 S. Ct. 481, 27 L. Ed. 264. The court there held that no interest was due even from the principal until refusal to respond to a lawful demand.

In attempting to arrive at a true rule in determining from what time interest is to be computed against the sureties on a public official bond for misapplication of public funds, it has been necessary to examine many reported cases, some dating back to 1796 (see Perit, Executrix, v. Wallis, 2 Dall. (Pa.) 252, 1 L. Ed. 370), down to the recent case of Clark County v. Howard et al. (S. D.) decided June 26, 1931, reported in 237 N. W. 561, 563, including the cases cited in the note in 87 Am. Dec. 753, where the cases are discussed. We find that the question is one upon which the authorities are not in unison.

One line of authorities holds that interest is to be computed from the demand made upon the obligees. Lyon v. Clark, 8 N. Y. 148, 157; Mower v. Kip, 6 Paige (N. Y.) 88, 29 Am. Dec. 748, 751; State of Maryland v. Wayman, 2 Gill & J. (Md.) 254, 279; Leighton v. Brown, 98 Mass. 516; Walcott v. Harris, 1 R. I. 404; Bank of United States v. Magill, Fed. Cas. No. 929, 1 Paine, 661; Ives v. Merchants' Bank, 12 How. 159, 164, 13 L. Ed. 936; United States v. Hills, Fed. Cas. No. 15,369, 4 Cliff. 618; Warner v. Thurlo, 15 Mass. 154; Pres., etc., of Bank of Brighton v. Smith, 12 Allen (Mass.) 243, 251, 90 Am. Dec. 144; Simmons v. Almy, 103 Mass. 33, 36; Boyd v. Boyd, 1 Watts (Pa.) 365; United States v. Curtis, 100 U. S. 119, 25 L. Ed. 571.

Other authorities permit the computation of interest from the time of the breach of the condition of the bond, irrespective of any demand made. United States v. Arnold, Fed. Cas. No. 14,469, 1 Gall. 348, 360, affirmed in 9 Cranch, 104, 3 L. Ed. 671; Tyson v. Sanderson, 45 Ala. 364; Carter v. Carter, 4 Day (Conn.) 30, 4 Am. Dec. 177; Washington County Ins. Co. v. Colton, 26 Conn. 42; Carter v. Thorn, 18 B. Mon. (Ky.) 613; Wyman v. Robinson, 73 Me. 384, 40 Am. Rep. 360; Harris v. Clap, 1 Mass. 308, 2 Am. Dec. 27;

Brainard v. Jones, 18 N. Y. 36; New York Life Insurance Co. v. Seckel, 8 Phila. Rep. 92; Perit v. Wallis, 2 Dall. (Pa.) 252, 1 L. Ed. 370. The writer of the note in 87 Am. Dec. 754, states of the latter cases: "This second class of authorities seems to rest upon the best reason. There is no reason why a demand should be required in the case of obligations by specialty any more than in the case of any other class of obligations. It may be very proper, in some cases, to require demand before interest should begin to run, as where the surety cannot otherwise become aware of the breach."

However, the authorities examined, with one exception, only incidentally reach the question here involved, the main question being discussed is whether or not the surety should pay interest when such judgment for interest would exceed the penalty of the bond, which is not the question here. The cases examined where sureties are called to pay interest on the penalty of a public official bond, as in this case, hold that the interest commences when demand is made, and if no demand, then from the commencement of the suit on the bond; the courts deeming such commencement as a demand. See State v. Wayman, 2 Gill & J. (Md.) 254, 279; United States v. Hills et al., Fed. Cas. No. 15,-369, 4 Cliff. 618; Bank of the U. S. v. Magill et al., Fed. Cas. No. 929, 1 Paine, 661; United States v. Curtis, 100 U. S. 119, 25 L. Ed. 571, and the recent case of Clark County v. Howard et al., supra.

In the case of Clark County v. Howard et al., supra, the Supreme Court of South Dakota, in holding that a surety should not be required to pay interest from the date of defalcation, but rather from the date of demand, said: "It seems particularly inept to say of a surety on an official bond, who not only does not know of the embezzlement but whose facilities for discovering that an embezzlement has been committed are so inadequate as compared with those of the obligee, that it was at fault in not paying the money from the time of the several acts of embezzlement." The court goes on to enlarge upon the point that it would be unfair to charge with interest a person who had not in the first place wrongfully acquired the money owing the plaintiff because, as he did not know that he held money due the plaintiff, he owed no duty to return it until apprised of the fact that the money was rightfully due the plaintiff.

Interest such as is sought in this case is an element of damages for wrongfully depriving the plaintiff of the money due him. It cannot be justly argued that where the surety in good faith is ignorant of the principal's defalcation, and no demand has been made by the obligee, the detention of the money due the obligee is wrongful and interest as an element of damages should under the circumstances be allowed from the date of the principal's defalcation. The basis of this view is excellently stated in 17 C. J. 923, § 218, where it is said, citing a large number of authorities in the note: "Where one person

holds money to the use of another, and is charged with a certain duty with regard thereto, and fails to make such application thereof as his duty requires, interest is to be computed on the sum so held from the date of his failure to make the required application; but, otherwise, in the absence of any misconduct on the part of the person holding the money to another's use, interest will be allowed only from demand for its delivery to the person entitled thereto."

On reason and logic, even without precedent, it seems right that demand in this case would appear to be necessary, for it is not a case where the surety would be likely to know of the default in the absence of notice of that fact, and the surety ought not to be held for more than the amount accrued from their own default in unjustly withholding payment after being notified of the default of the principal.

Without attempting to decide any other case but this, we are of the opinion that the sureties cannot be charged with interest until some notice was given them that a definite sum had been found due the state of New Mexico from Clayton by the proper accounting officer, which rendered the sureties liable, and until such demand there could be no right to interest on account of such breach.

The trial court having so held, we find no error, and the judgment of the district court is therefore affirmed. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.