PER CURIAM, January 30, 1899:

The questions presented by the "case stated" were correctly decided by the learned president of the court below, and judgment was accordingly entered in favor of the plaintiff. There appears to be nothing in the questions involved that requires special notice or further discussion.

The judgment is affirmed on the opinion sent up with the record.

Judgment affirmed.

---

Pennsylvania Company for Insurance on Lives and Granting Annuities, Committee of the Estate of Robert Creighton, a lunatic, Appellant, v. Charles M. Swain.

*Principal and surety—Interest—Auditor.*

Where the committee of a lunatic was found in default by an auditor whose report has been confirmed by the court, and demand has subsequently been made upon the surety of the committee to make good the default, interest runs on the bond of the surety from the date of the demand upon him and not from the date of the defalcation by the principal.

Argued Jan. 18, 1899. Appeal, No. 257, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1898, No. 1517, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit upon a bond of suretyship. Case stated.

The facts appear by the opinion of ARNOLD, P. J., which was as follows:

It is undoubtedly the law that interest beyond the penalty in a bond for the faithful performance of a trust may be recovered in addition to the penalty. But when shall the charge of interest begin? The defendant was surety for the committee of a lunatic, and gave a bond for $2,500, the condition of which was that the committee should well and faithfully execute the trust in all lawful respects. The account of the committee was filed October 24, 1894, and the report of the

auditor thereon, which was filed February 15, 1895, and duly confirmed, established the fact that the committee had not well and faithfully executed the trust, and that by reason of the default of the committee, the estate of the lunatic has, as early as January 2, 1890, lost a sum of money much larger than the amount of the bond. Demand was made upon the surety on October 18, 1897, for the principal of the bond and interest from January 2, 1890, the time of default by the committee. The defendant offers to pay interest from the time when the demand was made upon him, to wit: October 18, 1897.

In Boyd v. Boyd, 1 Watts, 365, which was a suit on a bond given to secure a judgment, it was said: "It is clear that interest may be allowed from the time of demand, or where there has been forbearance at the request of a defendant, or where, as here, the interest was given from the time of suit." In Com. v. Forney, 3 W. & S. 353, it was decided that the sureties on an administration bond may be discharged on payment of the amount stipulated in the bond. Nothing was said as to the time when the payment should be made. In the case of the New York Life Ins. Co. v. Seckel, 8 Phila. 92, it was said by SHARSWOOD, J.: "Beyond the penalty of the bond there can be no recovery against the sureties so far as the principal of the claim is concerned; but there is no reason why interest should not be allowed on the amount of the penalty from the date of the breach." When, therefore, is the date of the breach? In Hughes v. Hughes, 54 Pa. 240, the bond was for the payment of money at a certain time, the action was for the debt by the obligor, and not for the penalty of the bond, and it was held in an action against the administrator of the obligor, that a greater sum then the penalty might be recovered. Weikel v. Long, 55 Pa. 238, was an action on a bond to pay money to guardians. Judgment had been entered on the bond, and interest was allowed on the revival of it, because a judgment bears interest by express statute.

There is a greater difference in the amount which may be recovered in an action against a person for a debt due by him, and in an action on a bond given by him for the payment of the debt. This is shown in the case of the New Holland Turnpike Co. v. Lancaster Co., 71 Pa. 442, in which the turnpike company had given a bond for $4,000 conditioned to pay one

third of the cost of building a county bridge. The bridge cost $16,500; the company was sued on its covenant to pay one third thereof, and a verdict and judgment entered against it for $5,500. The Court, Sharswood, J., said: "It is to be observed that this is not an action of debt to recover the penalty, but of covenant on the agreement, of which the bond is evidence. It is not a mere bond in a penalty, on a condition to be void upon doing or not doing a collateral act, either by the obligor or a third party. Such is the usual case in official bonds with sureties, conditioned for the faithful performance of the duties of some office, or for accounting for money, or an ordinary private bond of indemnity, by sureties. In such cases it may be conceded that the penalty of the bond is the limit of liability on the instrument itself." In the case of U. S. v. Curtis, 100 U. S. 119, it was decided that interest on the amount claimed from the sureties of a paymaster was recoverable from the time of demand or notice, which in that case was the service of the writ. To the same effect is U. S. v. Poulson, 19 W. N. C. 500, a suit on the bond of a pension agent; Legget v. Humphreys, 21 Howard, 66, against the sureties on a sheriff's bond; U. S. v. Broadhead, 127 U. S. 212, on a bail bond on a criminal charge; Mower v. Kip, 6 Paige's Chan. 88; State v. Blankemore, 7 Heiskell (Tenn.), 638; Wetherill v. Com., 17 W. N. C. 104.

In order to provide ample security it is usual to require the bond to be made in double the amount of the fund to be paid to the committee or other person whose fidelity is intended to be insured, and if a less amount is required the surety ought not to be held to bear the consequences. The present practice in cases in which municipal or other corporations take land for public use is to take a covenant to pay the damages without naming any penalty.

It is well to observe that suit cannot be commenced or demand made upon a surety without first proceeding against the principal and fixing his liability: Com. v. Stub, 11 Pa. 150; and that the report of an auditor, confirmed by the court, is a sufficient foundation for a demand or action against a surety: Boyd v. Com., 36 Pa. 355. The surety is responsible for interest, not from the date of the defalcation by the principal, but from the time when demand may be and has been made on him.

We are of opinion that the defendant is liable for the interest only from the time of demand made upon him, to wit: October 18, 1897.

*Error assigned* was in entering judgment for plaintiff, with interest only from October 18, 1897.

*John G. Johnson*, for appellant.—The case will present no difficulty if three well-settled principles of law in this state are kept in mind, viz:

1. When once the principal has actually committed a default, for which the surety is responsible, a cause of action immediately arises against the surety.

2. The measure of the surety's liability for such breach is the loss sustained by the creditor through the default of the principal debtor not exceeding the penalty of the bond.

3. The rule that judgment cannot be entered for more than the penalty has been repudiated in this as in other states, and the rule substituted that while the penalty is a limitation on the extent of the surety's liability for the debt or damages at the time of breach, it is not a limitation on the subsequent judgment. The latter may include interest or an allowance in the nature of interest from the date of breach to the date of judgment.

The first two of these propositions need no discussion. They are elementary in their character and there is no conflict of authority with regard to them.

When once the principal has actually committed a default for which the surety is responsible, as a general rule a cause of action immediately arises against the surety: De Colvar on Principal and Surety (ed. 1875), 216; Robbins v. Long, 16 N. Y. Eq. 59.

In Pennsylvania the rule that the penalty limited the judgment as well as the debt was early repudiated in the cases of Perit v. Wallis, 2 Dall. 252, Gross v. Zorger, 3 Yeates, 521, Boyd v. Boyd, 1 Watts, 365, Weikel v. Long, 55 Pa. 238, and New York Life Ins. Co. v. Seckel, 8 Phila. 92. See also Leighton v. Brown, 98 Mass. 515.

*Charles L. Lockwood*, for appellee.—It is submitted that, as

to the class of bonds last mentioned, the law in Pennsylvania is as follows, viz:

1. When once the principal has actually committed a default, for which the surety is responsible, a cause of action arises against the surety so soon as the amount of claim has been liquidated by a lawful tribunal.

2. The measure of the surety's liability is the loss sustained by the creditor through the default of the principal debtor, not exceeding the penalty of the bond.

3. While the penalty is a limitation on the extent of the surety's liability for the debt and damages at the time of breach, it is not a limitation on the subsequent judgment. The latter may include interest from the commencement of suit or other demand made upon the surety, after the liquidation of the amount for which he is liable.

To these principles may be added—

4. Upon official bonds there can be no recovery against the surety until the liability of the principal has been fixed by appropriate proceedings.

This statement of the law differs from that made by appellant's counsel in one particular only, as applied to the present case. The appellant's contention is that the surety should have paid the penalty of the bond in 1890 when the principal caused the loss. The surety contends that he was not bound to pay until informed, in 1897, of the amount he owed.

Interest not expressly agreed to be paid can be recovered only in this event, viz: When payment is withheld of a liquidated sum of money, after it has become the duty of the debtor to pay: Kelsey v. Murphy, 30 Pa. 340; Minard v. Beans, 64 Pa. 411; Richards v. Citizens Gas Co., 130 Pa. 37; Meyers's Est., 179 Pa. 157.

An allowance in the nature of interest is not a matter of right. It is compensation for delay to be included in the damages in cases where the defendant is liable to compensate the plaintiff for damages for a past act, and depends on the circumstances of the case: Richards v. Citizens Gas Co., supra; Klages v. Phila. & Reading Co., 160 Pa. 386.

A surety on such a bond is not liable to pay until both the fact of the default of the principal and the extent of it have been judicially ascertained: Commonwealth v. Stub, 11 Pa. 150;

Boyd v. The Commonwealth, 36 Pa. 355; Commonwealth v. Smith, 4 Phila. Rep. 51; New Holland Turnpike Co. v. Lancaster Co., 71 Pa. 442; U. S. v. Arnold, 1 Gall. 358; s. c., 9 Cranch, 104; Commonwealth v. Forney, 3 W. & S. 358; Kelsey v. Murphy, 30 Pa. 340; Minard v. Beans, 64 Pa. 411; Richards v. Citizens Gas Co., 130 Pa. 37; Klages v. Phila. & Reading Terminal Co., 160 Pa. 386.

PER CURIAM, January 30, 1899:

The questions presented by this record were rightly decided by the learned president of the court below, and the judgment is affirmed on his opinion.

Judgment affirmed.

---

## In re Estate of Lewis Waln, deceased.    Appeal of Susan Israel.

*Wills—Vested and contingent estates—" Descendants."*

Testator bequeathed a fund in money to a trustee for the use of his nieces A. and B. " to pay to each of them one-half of the interest on the investments as it accrues during life and on the death of either, one moiety of the principal to be paid to her child or children, failing which her interest in the trust to pass to her sister or to her descendants in case of her death." Both A. and B. died without leaving child or other issue surviving. *Held*, that upon the death of B. the whole trust fund fell into the testator's general estate.

Argued Jan. 19, 1899. Appeal, No. 332, Jan. T., 1898, by Susan Israel, from decree of O. C. Phila. Co., Jan. T., 1881, No 309, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Lewis Waln died in 1863, leaving a will by which he provided, inter alia, as follows:

"I give, bequeath and devise to the Pennsylvania Company for Insurances on Live and granting annuities the sum of Ten