## UNITED STATES v. WALKER et al.

(District Court, E. D. Pennsylvania. April 7, 1904.)

### No. 2.

1. BONDS—LIABILITY OF PRINCIPAL—EXTENT.

Where, in an action on a bond, the verdict is less than the penal sum, with interest, it is no objection to the recovery, so far as the principal debtor is concerned, that the verdict exceeds the sum named on the face of the bond.

Motion for a New Trial.

James B. Holland and William M. Stewart, for the United States. William E. McCall, Jr., for defendant.

J. B. McPHERSON, District Judge. This was a suit upon a bond in the penal sum of $250, given to secure the faithful performance of a contract to deliver certain machinery to the Mare Island Navy Yard. The verdict is for $370, made up of $220.84 principal, and $149.16 interest thereon for about 11 years, and the question for consideration is whether the plaintiff may recover more than the penal sum named in the bond. So far as the surety is concerned, the limit of its liability may perhaps be the penal sum—no such question is now raised in its behalf—but I think that the principal is liable for the full amount of the verdict. This seems to be settled, both in Pennsylvania (Perit v. Wallis, 2 Dall. 253, 1 L. Ed. 370; Weikel v. Long, 55 Pa. 238; New Holland Turnpike Co. v. Lancaster Co., 71 Pa. 442), and also in the federal courts (U. S. v. Meeker, Fed. Cas. No. 15,757; U. S. v. Arnold, Fed. Cas. No. 14,469; Randle v. Barnard [C. C.] 99 Fed. 353). See, also, the very careful and elaborate notes in Fraser v. Little, 87 Am. Dec. 745, and in Griffith v. Rundle, 55 L. R. A. 381, where the whole subject is so clearly and satisfactorily treated that nothing more need now be said about it. No doubt there is a good deal of conflict among the decisions, but the modern cases seem to be decidedly in favor of the principal's liability beyond the penal sum of his bond. Indeed, in view of one of the provisions of the contract under consideration, the amount of the verdict might perhaps have been the penal sum itself, with interest thereon either from the date of suit or from the actual breach; for one of the covenants of the contract is as follows:

"If said party of the first part shall fail in any respect to perform this contract on his part, it may at the option of the United States be declared null and void without prejudice to the right of the United States to recover for defaults herein or violations hereof, and for such default the United States may demand and recover of said party of the first part and his representatives aforesaid as liquidated damages a sum of money equal to the penalty of the bond accompanying this contract."

Without insisting upon this point, however, I think the weight of authority supports the position that since the verdict is less than the penal sum with interest it is no objection to the recovery, so far at

¶ 1. See Bonds, vol. 8, Cent. Dig. § 243.

least as the principal debtor is concerned, that the verdict exceeds the sum named on the face of the bond.

On the merits, also, the motion for a new trial must be denied. This litigation has been pending for 11 years. There have been two verdicts, both in favor of the government, and the time has come, I think, to bring the dispute to an end.

A new trial is refused.