UNITED STATES, to Use of FOWDEN et al., v. EMERY et al.

(District Court, E. D. Pennsylvania. July 23, 1915.)

No. 3524.

**1. PLEADING ☞348—AFFIDAVIT OF DEFENSE—NECESSITY.**

Under the Pennsylvania statutes, authorizing judgment for plaintiff without other proof of the demand than the averments in the statement of claim filed in accordance with the statutes, unless the averments are appropriately denied by an affidavit of defense, the affidavit of defense must set forth such facts which would, if true, constitute a defense, and if no real defense is presented, judgment may be entered notwithstanding.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1065, 1066; Dec. Dig. ☞348.]

**2. PLEADING ☞156—AFFIDAVIT OF DEFENSE—SUFFICIENCY.**

In an action against the surety on a contractor's bond, the contract, as set up by plaintiff and averred in the statement of claim, was evidenced by writings bearing the signature of the contractor. The affidavit of defense denied the contract in general terms and demanded proof, but did not deny the validity of the signatures, and merely averred that plaintiff had not duly performed his contract. *Held*, that under the Pennsylvania affidavit of defense law, the affidavit was insufficient, being no more than a mere general denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 312; Dec. Dig. ☞156.]

**3. UNITED STATES ☞67—CONTRACTOR'S BOND—SUFFICIENCY.**

In an action on a government contractor's bond, a denial that final settlement was made March 13, 1914, without more, is insufficient to present any defense, for the date of final settlement would be immaterial, unless it were more than a year before the commencement of the action.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ☞67.]

**4. PLEADING ☞288—STATEMENT OF CLAIM—SUFFICIENCY.**

Under the Pennsylvania statutes, a statement of claim, bearing the signature of two of plaintiff's counsel, who described themselves as his attorneys, and verified by plaintiff, is sufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 854, 855, 857, 858; Dec. Dig. ☞288.]

**5. PLEADING ☞350—RULE FOR JUDGMENT—EFFECT.**

A rule for judgment on the pleadings is, in legal effect, a demurrer to the affidavit of defense, and consequently puts the sufficiency of the statement of claim in issue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ☞350.]

**6. UNITED STATES ☞67—CONTRACTOR'S BONDS—STATEMENT OF CLAIM—SUFFICIENCY.**

The act of Congress Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), requiring bonds by public contractors, gives the United States the first right of action, and provides that if no action be brought within six months after completion of the work, the subcontractors may, within a year, sue in the name of the United States to their use, but if action be brought, they may intervene as use plaintiffs. The statement of claim, in an action brought by a subcontractor in the name of the United States to his use, failed to aver that no action had been instituted by the United States. *Held*, that as the existence of a fact must be averred by the party upon whom rests the affirmative, and a negative need not be pleaded, the statement of

claim need not deny that the United States had instituted an action, for that is a matter which defendant could plead in abatement.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ☞67.]

7. PRINCIPAL AND SURETY ☞73—LIABILITY FOR INTEREST.

While a surety is not liable for interest on the penal amount of the bond until default, a surety on a contractor's bond is, where the subcontractor was entitled to interest from the date the amount became due, liable for interest on the debt.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 114, 115, 455; Dec. Dig. ☞73.]

At Law. Action by the United States, to the use of William T. Fowden and others, against J. W. Emery and the Fidelity & Deposit Company of Maryland. Rule for judgment for part of the claim, the affidavit of defense to which is insufficient. Judgment entered for part of the claim, and trial on the remainder directed.

Harvey F. Heinly, of Reading, Pa., and George H. Stein, of Philadelphia, Pa., for use plaintiffs.

Stanley Williamson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The facts of this case, as disclosed by the statement of claim, modified by the affidavit of defense, are as follows:

John W. Emery, one of the defendants, entered into a contract with the United States for the construction of an extension to the post office building in Chester, Pa. Emery was what is ordinarily called the "general contractor." He entered into contracts with the plaintiff and others to do work and furnish materials toward the erection of certain parts of the entire construction. These use plaintiffs come under the designation of what are ordinarily called "subcontractors." Emery, as general contractor, entered into a formal contract in writing with the United States, and in conformity with the regulations of the Treasury Department, the provisions of his contract and of the statutes of the United States relating to the subject, executed the usual form of bond, the pertinent features of the condition of which are that he would perform the contract entered into with the United States, and would pay for all labor and material which entered into the construction to the persons supplying the same. The Fidelity & Deposit Company of Maryland, the other defendant, joined with the contractor in this bond as his surety. The contract was performed so far as it affects the United States, and settlement was made between the government and the contractor. The subcontractors, not having been paid, however, caused this action to be brought on the bond in the name of the United States to their use, in conformity with the provisions of the statute, and the Reading Chandelier Works, one of the intervening plaintiffs, filed a statement of claim, in accordance with the Pennsylvania practice, in which is set forth a demand for the payment of $1,247.22, with interest. The basis of the demand is the execution, under date of August 5, 1912, of the contract above referred to between Emery and the United States, and delivery under date of Au-

gust 7, 1912, by Emery as principal and the Fidelity & Deposit Company of Maryland as surety of a bond in the sum of $18,000, with the condition above stated.

There is a further averment that the other contract as above outlined was entered into between Emery and the plaintiff in the form of the exchange of letters of proposal and acceptance. The work thus contracted for was for the round sum of $1,225. There is a further quantum meruit claim for extra work performed by the plaintiff at the defendant Emery's request.

The statement of claim alleges performance of the contract, and an averment of nonpayment after demand made, and that the defendant's contract with the United States had been performed and final settlement therefor made with the United States on March 13, 1914. The significance of the latter date is to show a compliance with the provisions of the federal statute in respect to the time of the commencement of this action.

No affidavit has been filed on behalf of the contractor. The defense interposed is by the surety company. The latter would seem to be in the situation of being without definite information on the subject of the merits of the present claim and to be seeking to put up such a defensive position as will call upon the plaintiff to make proof at the trial of the case of all the averments of fact upon which the claim is based.

[1] It may serve to bring the averments of the affidavit of defense into a clearer light to pause here to view the respective positions of parties plaintiff and defendant. In the absence of the requirement to file an affidavit of defense plaintiff could recover only by proof of his claim. To save the time of courts, however, and for other reasons of convenience, statutes have been passed under the provisions of which plaintiffs are entitled to judgment without other proof of their demands than the averments in statements of claim filed in accordance with the requirement of the statutes. A plaintiff, therefore, in such cases becomes entitled, as a matter of right, to secure a judgment in his favor unless the required affidavit of defense is filed. It follows that the affidavit must set forth such facts which would, if true, constitute a defense to the claim presented in the action brought. If no real defense is presented by the affidavit, it is as if no affidavit had been filed. Hence grew up the practice of entering judgments for want of sufficient affidavits of defense, which practice was extended by acts of assembly in Pennsylvania, first, to the entry of judgment for any part of the claim admitted to be due, and afterwards for any part of the claim with respect to which the affidavit is insufficient. As before stated, the predicament in which the defendant finds itself placed is ignorance of such facts as would present a real defense. The logical relief from such a situation is to ask for such extension of time as will enable a defendant so situated to learn what the real facts are. The suggestion of such relief was met by the defendant with the statement that it preferred to have the question determined upon the present state of the record. It only remains, therefore, to inquire whether the affidavit of defense is insufficient to any part of the claim. It is con-

225 F.—19

ceded that it is good as to all the claim, except that for the contract price of $1,225, with interest, and that it is good as to this claim to the extent of $183.38, the amount of a counterclaim made by way of set-off.

[2, 3] An analysis of the affidavit of defense shows it to consist of certain general denials to the effect that the defendant is not indebted to the plaintiff in any sum whatever, and a formal denial of the execution of the contract with a demand for proof thereof. It is well settled, under the affidavit of defense law of Pennsylvania, that these general denials in themselves are insufficient. The denial of the indebtedness is nothing more than a statement of the legal conclusion by which the defendant seeks to justify its refusal to pay. The denial of the contract is in such general terms, and is so coupled with the demand for proof, that it would seem to be nothing more than the assertion of the legal position assumed by the plaintiff that the plaintiff is required to prove its contract by testimony and evidence to be submitted to a jury.

The contract as set up by the plaintiff and as averred in its statement of claim is evidenced by paper writings bearing what is averred to be the signature of the contractor, out of which, if genuine, a contract arises. There is no denial of the existence of these writings, no questioning of the correctness of the copies submitted, and no denial of the signatures attached. The only feature of the affidavit which suggests a defense to the contract part of the plaintiff's claim is an equivocal denial of the performance of the contract which the plaintiff averred. If such a denial could fairly be extracted from the affidavit, it might be held to set up a defense. When read, however, it can be understood to have no other meaning than the reiteration of the defendant's legal position that the plaintiff is not entitled to judgment until after he had made proof of his claim before a jury. If such a position could be successfully asserted, it would result in a practical repeal of the affidavit of defense law. A defendant must do something more than deny and demand in such general terms. He must, on his part, introduce through the medium of his affidavit a statement of facts or raise an issue of fact under which, if he be right, he would be entitled to judgment in his favor. The only averment of fact set forth, and the only issue of fact raised by this affidavit, is "that the said plaintiff has not, in all respects, duly performed and complied with his contract," etc. This, under the Pennsylvania practice, is clearly not sufficiently specific. If it was intended to mean that the plaintiff had furnished none of the material called for by his contract, the affidavit should so state. If it means that some of the material claimed to have been furnished was not supplied, the affidavit should state in what the deficiency consisted. It cannot be determined with any certainty from this affidavit whether it is intended to aver an omission in the supply of material, or whether the quoted phrase is completed by that which follows and is meant merely to be a denial that the material which the plaintiff admittedly furnished was up to the specifications of the contract. If the latter is the true meaning of the affidavit, then

the respect in which the material supplied fell short of the requirements of the contract should be set forth. On the whole, we cannot read this part of the affidavit of defense as having any other meaning than that in the judgment of the defendant the plaintiff should be required to secure the verdict of a jury before he can take judgment. The same observations apply to the denial of the affidavit in connection with the time of the final settlement with the government. The averment in the statement of claim is that such final settlement was made March 13, 1914. The denial is that it was made on that date. For defense purposes this is no denial at all, for the reason that the date of final settlement would not enter into a defense unless, for illustration, it were more than a year before the commencement of the action. There is no averment or suggestion even that the true date would have any defensive value.

[4] We note a paragraph in the affidavit of defense, not adverted to in the argument or in the paper books filed, which challenges the sufficiency of the statement of claim in the respect that it is not signed by plaintiff or his counsel. As the statement is of record, we can only infer that this was either an inadvertent statement, or that its meaning is that the statement is not signed in compliance with the requirements of the Pennsylvania statute. The statement bears the signatures of two of plaintiff's counsel, who describe themselves attorneys for the plaintiff. It is sworn to by the plaintiff himself and the jurat bears his signature. We think this to be a substantial compliance with the Pennsylvania Procedure Act (Act May 25, 1887 [P. L. 271]).

[5] As a rule for judgment is, in legal effect, a demurrer to the affidavit of defense, the principle that plaintiff is entitled to judgment, if at all, upon the whole record, applies, and therefore the sufficiency of the statement of claim itself is put in issue.

[6] The argument addressed to us is that this statement of claim is insufficient because the act of Congress (Comp. St. 1913, § 6923) gives a right of action which did not before exist, and that its existence is conditional, one of the conditions being that the United States shall not of itself bring suit upon the bond, and that there is no negativing of such an action in this statement of claim.

It is to be observed that the act of Congress indicates an alternative procedure. The United States is given the first right of action, and the subcontractor no right of action at all until six months after the final settlement with the general contractor. If the United States has exercised the right of action given to it by bringing its suit within the six months, then the subcontractors are permitted to intervene as use plaintiffs. If, however, the United States does not bring its action, then after the expiration of the six months the subcontractors may bring the action in the name of the United States to their use. The latter course was adopted in this case. If, therefore, the fact is that there is a pending action brought by the United States, this action brought by the use plaintiffs cannot be maintained, and the defendant could set up the fact by what would be, in substance, a plea in abatement, and the summary judgment asked for could not properly be entered.

The point raised, however, is not precisely this, but a much sharper one. There is no averment of the fact that a suit was commenced by the United States within the six months, but we are asked to hold that the statement of claim is insufficient because the pendency of such action is not negatived therein. This we cannot do.

A general principle of pleading is that the existence of a fact must be averred by the party upon whom rests the affirmative and that a negative need not be pleaded. The jurisdictional fact upon which the right of action in this respect is granted is that the action cannot be commenced at the instance of the subcontractor within six months, nor after a year from the date of final settlement between the United States and the general contractor. These facts are averred in the statement of claim, and there is no presumption that the United States has brought its suit. Indeed the issuance of the certificate provided by the act itself negatives the fact of action by the United States because, under the provisions of the act, it is only to issue where no such action has been brought. The procedure contemplated by the act of Congress is somewhat anomalous. A logically evolved system is that which pertains to suits on official bonds under the Pennsylvania practice under which judgment may be taken on the bond against the defendants and then the use plaintiffs be brought upon the record by suggestion and the amount of each of their claims thereunder found through sci. fa: proceedings. The anomaly suggested is in the entry of more than one judgment in the action and thereby having several judgments each in favor of a different use plaintiff. The authority for it is found in the statute, and such a practice under this act of Congress has been fully sanctioned.

[7] It only remains, therefore, to determine the sum for which judgment should be entered. The only controversy in this respect is over the question of interest. The argument addressed to us against the allowance of interest seemingly proceeds by ignoring the distinction between the allowance of interest on the penal sum of the bond as against the surety and the allowance of interest on the debt due by the contractor to the use plaintiff where the total sum for which the surety is held to be liable is less than the amount of the bond. As between the general contractor and the subcontractor, the latter is entitled to interest on the amount due him from the time it became payable. When the amount of the indebtedness to the use plaintiff is ascertained, the obligation which rests upon the surety under his bond is to pay it.

The cases to which we have been referred as authority for the disallowance of interest are cases in which interest was claimed as against the surety on the amount of the bond. Such interest does not begin to run until default, and default does not arise until the aggregate sum to be paid is determined. The surety is given the right to withhold payment until the total amount to be paid is known, so that it may then exercise the further right given it of paying the penal sum of the bond for pro rata distribution among the use claimants in the event of the aggregate claims exceeding the bond in amount. This distinction is pointed out in American Surety Co. v. Lawrenceville Co. (C. C.) 110 Fed. 717.

The rule for judgment is made absolute for the part of the claim as to which the affidavit of defense is adjudged to be insufficient, damages to be assessed as follows:

Amount of contract claim...........................................$1,225 00
Less set-off......................................................  183 38

    Balance  .....................................................$1,041 62

Interest on $937.45 (90 per cent.) from July 31, 1913, and on $104.17 (10 per cent.) from March 23, 1914, and plaintiff has leave to enter judgment in accordance herewith, and to proceed to trial for the balance of plaintiff's claim.