## Commonwealth, to use, v. Fidelity and Casualty Co. of New York

*Francis Fisher Kane,* for plaintiff; *Robert P. Maxwell,* for defendant.

LEWIS, J., August 9, 1932.—In the case stated these facts were averred:

Harry Salminoff, a resident of Philadelphia, died intestate on August 1, 1920, leaving to survive him a widow and two minor children, Morris Salminoff and Aaron Salminoff, all being residents of Russia. On May 20, 1921, letters of administration on the estate of Harry Salminoff were granted by the Register of Wills of Philadelphia County to Louis Solomon, the administrator being required to enter security in the sum of $12,000. On the same day, the bond of the administrator, with the defendant as surety, was executed and filed. The administrator filed his account on May 29, 1922, and on the following June 21st the account was confirmed absolutely. The decree of the orphans' court awarded the sum of $1531.32 to each of the minor children of the decedent, the awards to be paid to their guardians when duly appointed. The administrator mingled the funds of the estate with his personal funds, and on November 22, 1929, died, leaving no estate or assets either of his own or of the estate of which

he was administrator. On March 13, 1931, the orphans' court appointed the use-plaintiff guardian of the estates of the two minors. The administrator had not in his lifetime paid or caused to be paid any part of the awards to either of the minors or to their guardians.

On December 19, 1928, the plaintiff, Henry Temin, as attorney for Fannie Salminoff, the domiciliary (Russian) guardian of the estates of the minors, made demand upon Louis Solomon, administrator, for payment of the amount due the minors, and although frequently requested so to do, the administrator did not pay any part of the awards, as has been stated.

On February 7, 1930, attorneys for the minors advised the defendant surety company that the administrator had died, that his estate was insolvent, and that the awards to the minors had not been paid. This was the first notice given to the defendant surety, and no demand had been made of the surety prior to this date by anyone acting on behalf of the minors. Thereafter the surety paid to the plaintiff guardian the amount of the awards to the minors, together with interest thereon from February 27, 1930, and denied liability for interest prior to such date.

By agreement a case stated was subsequently filed, and therein the question submitted to the court was whether the use-plaintiff was entitled to recover of the surety interest for any period prior to February 27, 1932, but the figures "1932" thus contained in the original of the case stated are conceded to have been written in error, the intention having been to give the date as February 27, 1930. It was stipulated that if the court should be of opinion that the use-plaintiff is entitled to recover additional interest from the defendant, judgment should be entered in his favor for the amount found to be due, otherwise judgment should be entered for defendant.

The bond on which the defendant was surety was in the usual form, containing, inter alia, a condition that the administrator should deliver and pay the net amount of the estate, as determined by the Orphans' Court of Philadelphia County, unto such person or persons as the orphans' court by its decree and sentence pursuant to law should limit and appoint.

Argument was heard by us sitting en banc, and we concluded that the plaintiffs were entitled to recover from the defendant interest at the rate of six per cent. on the principal sums due to the respective minors, to be calculated from June 21, 1922. We accordingly found against the defendant, and after crediting defendant with the interest theretofore paid, judgment was entered by the prothonotary in the amount of $1087.24. An appeal was taken from this judgment.

The liability of the principal, Louis Solomon, and the amount of his default was the sum awarded to the minors by the decree of the orphans' court, together with interest on the awards to the date of payment. "One who while acting in a fiduciary capacity mixes with his own money the funds under his control is liable either for interest thereon, or the profits made by the fund in lieu of interest, at the option of the cestui que trust:" Eisenlohr's Estate (No. 1), 258 Pa. 431.

The general rule is that, in the absence of limitations or restrictions contained in the contract, the liability of the surety is coextensive with that of the principal: White's Exec'rs v. Com., 39 Pa. 167; Rafferty v. Klein, 256 Pa. 481; United States v. Allsbury, 71 U. S. 186. This is the legal effect of the surety's contract.

The defendant argued to us, however, that the claim of the minors had not matured, because no guardians had been appointed for the children, and, hence, there was no legal representative to whom the principal or the surety could have made payment prior to 1931, when the use-plaintiff was made guardian by decree of the orphans' court of this county. Defendant further argued that

the decisions in Pennsylvania Co. *v.* Swain, 189 Pa. 626 (1899), and Folz *v.* Trust Co., 201 Pa. 583 (1902), established that, in order to create a basis for the running of interest, demand for payment must have been made upon the surety by the creditor; that the creditor must take some action which places the surety in a position of failing to comply with its obligation to pay.

We have read the decisions as reported and find no difficulty in distinguishing them by the circumstance that in each case there was an attempt to charge the surety with liability in excess of the principal sum of his bond in the form of interest. In neither case, however, is it held that demand is necessary where interest is not being sought on and in excess of the penal sum of the surety's bond. The measure of the surety's liability was in each case the penal sum of the bond, and that liability cannot in fairness be increased by adding interest except under circumstances where the surety is itself in default by having failed to perform its undertaking upon demand. In the event of such failure to perform upon demand, interest properly is chargeable against the surety as compensation for the unlawful detention by it of moneys due to the obligee.

The distinction between the cases is clearly disclosed by Judge Dickinson, of the Federal court of this district, in United States, to use of Fowden et al., *v.* Emery et al., 225 Fed. 287. Therein suit was brought on a contractor's bond by the subcontractor. Judge Dickinson said, in the course of his opinion:

"It only remains, therefore, to determine the sum for which judgment should be entered. The only controversy in this respect is over the question of interest. The argument addressed to us against the allowance of interest seemingly proceeds by ignoring the distinction between the allowance of interest on the penal sum of the bond as against the surety and the allowance of interest on the debt due by the contractor to the use-plaintiff where the total sum for which the surety is held to be liable is less than the amount of the bond. As between the general contractor and the subcontractor, the latter is entitled to interest on the amount due him from the time it became payable. When the amount of the indebtedness to the use-plaintiff is ascertained, the obligation which rests upon the surety under his bond is to pay it.

"The cases to which we have been referred as authority for the disallowance of interest are cases in which interest was claimed as against the surety on the amount of the bond. Such interest does not begin to run until default, and default does not arise until the aggregate sum to be paid is determined. The surety is given the right to withhold payment until the total amount to be paid is known, so that it may then exercise the further right given it of paying the penal sum of the bond for pro rata distribution among the use-claimants in the event of the aggregate claims exceeding the bond in amount. This distinction is pointed out in American Surety Co. *v.* Lawrenceville Co. (C. C.), 110 Fed. 717."

In Montpelier v. National Surety Co., 97 Vt. 111, 33 A. L. R. 489, there is a clear discussion of the rule as to interest. The court said, inter alia: "Within the limits fixed by the penalty of the bond, the extent of the traction company's [principal] liability measures the liability of the defendant [surety]." In the case before us, the amount claimed from the defendant surety constitutes the only remaining liability on its bond, and when added to the amount heretofore paid, the total is much less than the penal sum of the defendant's suretyship. We accepted the view that within the limits of the penalty of the bond, interest begins to run upon damages ascertained against a surety when the obligee is by right entitled to interest upon the damages against the principal.