**HAYWOOD et al. v. MASCHKE et al.**
No. 9435.

District Court, E. D. Pennsylvania.
Oct. 13, 1939.

W. D. Jamieson, of Washington, D. C., W. S. Acuff, of Ambler, Pa., H. S. Ward, of Washington, D. C., and Larzelere & Wright (by Edward M. Hawes), of Norristown, Pa., for plaintiffs.

Wellington H. Rosenberry, Jr., of Norristown, Pa., for defendants.

KIRKPATRICK, District Judge.

A bill in equity was filed by the plaintiffs, who are obligors of a bond given to pay a capital impairment of a national bank, now in liquidation, against the receiver of the bank, to restrain the collection of interest and to order a refund of interest already collected upon the bond from April 29, 1936, the date upon which the receiver alleges demand was made for the payment of principal. Relief was also sought, in the bill as originally filed, in respect of a number of other matters arising out of the plaintiffs' obligations on the bond, but at a pre-trial hearing all issues but that of interest were disposed of. A stipulation was then filed to the effect that "this stipulation disposes of all questions and issues raised by the Bill in Equity and Answer as now filed of record," and that "The only question open in the case is whether or not interest runs on the obligations contained in the writing obligatory dated July 26, 1932, and if so, from what date or dates." Subsequently the amended bill raising the question of interest was filed and a final hearing was held May 26, 1939.

In view of the stipulation and of the fact findings to be made herein, it would be profitless to examine the bill to see whether a case for equity jurisdiction was

presented. It will be assumed that under the old practice equity had jurisdiction of the cause, and the Court will proceed to dispose of the question of interest as germane to the general purpose of the suit.

The bond is a consolidation of earlier obligations. It specifically provides that the liability of each of the signers (plaintiffs) shall be limited to the amount set opposite his name. The bond is not a contract of surety, but is a direct obligation on the part of the signers to pay a sum of money equivalent to the amount of the capital stock impairment of the bank, defeasible only upon the condition subsequent that if the impairment shall cease the obligation is to be void. It is conceded that the impairment was never made up, and that the plaintiffs are liable to the principal amount of their undertaking. The receiver agrees that the terms of the bond exclude the recovery of interest upon the capital impairment from the date of the bond. He claims, however, interest from the date of the breach, namely, the date when he made demand upon the obligors to pay the amount of the principal, a demand which was not complied with. Consequently there was a breach at that time, and the interest now sought is in the nature of damages for the detention of the money.

The receiver's proposition is supported by the law of Pennsylvania. There is nothing in the bond which forbids the recovery of interest after breach. Interest is, as a general rule, demandable from the date when money is due, and is a regular and uniform rate of damages allowed in the absence of any express contract where the payment is withheld after it has become the duty of the debtor to discharge the debt. Kelsey v. Murphy, 30 Pa. 340. Interest beyond the penalty of a bond may be allowed as damages after failure to pay upon demand. Pennsylvania Co. v. Swain, 189 Pa. 626, 42 A. 297; see also United States v. Walker, D.C., 128 F. 1012.

The question thus becomes one of fact—whether or not a demand for payment of the principal obligation was made by the receiver on the date for which he contends, namely April 29, 1936. I find as a fact that he did, and the bill must therefore be dismissed.

The testimony is not free from all doubt or uncertainty, but on the whole I think it establishes the demand upon all the plaintiffs. The receiver testified to a meeting of the obligors called on the date in question at which they were all present either in person or by representative. To each person present and to the representatives of those not present, he handed a notice stating the amount of the obligation of each. This was clearly intended by the receiver and understood by the recipients as a demand for payment. There were fifteen obligors altogether. As to only four of these was there testimony that they were not present nor represented. Several witnesses were called who were present and who admitted receiving the notice in question. Nineteen days after the meeting, all of the plaintiffs signed the original bill in this case, in which they stated under oath that the receiver "is endeavoring to collect, and is threatening to bring suit against the plaintiffs to collect * * * the liability particularly mentioned in the said writing obligatory dated April 6, 1932." It seems to me that this is the strongest kind of evidence that demand had been made prior to the filing of the bill. It fully supports the receiver's testimony, that demand was made upon all of the plaintiffs.

Defendant's requests for findings of fact Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 are all affirmed.

Interest at 6% from April 29, 1936, is due on the bond dated July 26, 1932.

Since this is the only question at issue and the decision is adverse to the plaintiffs, the bill may be dismissed.